DEPARTMENT OF REVENUE and Department for Natural Resources and Environmental Protection, Commonwealth of Kentucky, Appellants,

v.

D & W AUTO SUPPLY, INC., Estes Auto Parts, Auto & Tractor Parts House, Inc., Bernie's Auto Supply, Inc., Kentucky Automotive Wholesale Association, Inc., and Blue Grass Provision Company, Inc., Kentucky Meat Processor's Association, Inc., and Carrollton Wholesale Tobaccos, Inc., Ohio Valley Wholesale Distributors, Inc., Shelbyville Candy & Tobacco, Inc., Axton Candy & Tobacco Company, Inc., The Wagner Candy Company and Harold L. Wagner, Jr., Kentucky Tobacco & Candy Association, Inc., Appellees.

Court of Appeals of Kentucky.

April 3, 1981.*

Cathy Cravens Snell, Legal Division, Dept. of Revenue, Frankfort, for appellants.

Robert F. Matthews, R. Van Young, Dorothy Pitt, Louisville, Natalie Wilson, William Allen, A. Norris Wake, Lexington, for appellees.

Before HAYES, C. J., and HOGGE and VANCE, JJ.

VANCE, Judge.

This appeal contests the judgment insofar as it assesses costs, including court reporter's fees and fees of an expert witness for appellees, against the Commonwealth.

KRS 453.010 provides:

No judgment for costs shall be rendered against the Commonwealth in any action prosecuted by or against the Commonwealth in its own right; provided, however, that in any civil action filed in any court of competent jurisdiction by or against the Commonwealth of Kentucky, the costs may be paid by the Commonwealth when such costs are approved and allowed by the judge of the court in which the case was filed. Costs shall not exceed the fees allowed for similar services in other civil actions.

We see no ambiguity in this statute. It simply says that costs shall not be imposed upon the Commonwealth by judgment. Even though costs cannot be assessed against the Commonwealth by judgment, the Commonwealth, if it desires to do so, is authorized to pay costs which have been approved and allowed by the trial judge. The provision which authorizes the Commonwealth to assume the burden of costs in certain cases does not require the Commonwealth to assume that burden and does not authorize the imposition of such costs by judgment.

CR 54.04(1) provides that costs shall be imposed against the Commonwealth only to the extent provided by law. CR 76.42(2)(b) places responsibility upon the Common-

---

* This case was originally designated "Not to be Published." On April 24, 1981 the Supreme Court ordered it published.

wealth, when it is the unsuccessful party in an appeal to the Supreme Court, to reimburse the successful party for the filing fees in the Supreme Court.

Appellees have failed to show us any specific provision of law which would authorize the imposition of these disputed costs against the Commonwealth by judgment in contravention of KRS 453.010.

The judgment is reversed insofar as it imposes costs against the Commonwealth for witness fees and court reporter's fees.

All concur.