COMMONWEALTH of Kentucky DEPARTMENT OF EDUCATION, Appellant,

v.

Thomas O. GRAVITT and Southeastern Mobility Co., Inc., Appellees.

SOUTHEASTERN MOBILITY CO., INC., a foreign corporation, Appellant,

v.

Thomas O. GRAVITT and Commonwealth of Kentucky, Department of Education, Appellees.

Court of Appeals of Kentucky.

March 9, 1984.

Rehearing Denied May 11, 1984.

Motion for Extension of Time to File Motion for Discretionary Review Denied by Supreme Court June 26, 1984.

J. Gary Bale, Dept. of Educ., Frankfort, for Com. of Ky., Dept. of Educ.

Robert A. Bowman, Frankfort, for Southeastern Mobility Co., Inc.

W. Rodes Clay, Lexington, for Thomas O. Gravitt.

Before CLAYTON, DUNN and HOWARD, JJ.

HOWARD, Judge.

Appellants appeal the judgment of the circuit court holding them jointly and severally liable for damages due to their failure to provide van modification services.

Appellee, Thomas O. Gravitt, is a Lexington resident and quadriplegic client of the Department of Education's Bureau of Rehabilitation Services. In April of 1980, the Department concluded that Gravitt was eligible for rehabilitation services, and developed with Gravitt a program to implement these services. This program provided that Gravitt's 1979 Ford van was to receive certain modifications in order to be better utilized by Gravitt.

On July 9, 1980, the Department mailed to Southeastern Mobility Co., Inc. of Philadelphia, Tennessee (Semco), a contract entitled CT-00399, under which Semco guaranteed to complete 17 modifications to Gravitt's van within 45 days. Gravitt was not a party to this contract, although it was made for his benefit.

Gravitt turned his van over to Semco in Lexington on August 6, 1980. Semco delivered the modified van to Gravitt on September 30, 1980. Also present at the delivery was Gerald Williams, unit director for services to the severely disabled, a position within the Department. Williams submitted, and Gravitt signed, the Department's form BRS-10 receipt form and equipment transfer agreement.

The BRS-10 states that the Department agrees to "obtain and transfer to the client the following item(s)." The description of the item refers to the CT-00399 contract

between the Department and Semco. The BRS–10 then requires the client, herein Gravitt, to surrender his van to the Department should he cease to use his van under his rehabilitation program, encumber the van in any manner or in the event of his death or incapacity. The signing of the BRS–10 was necessary to give the Department authority to pay Semco for the modifications.

At the time of delivery, a number of defects were discovered, a major defect being a problem with the reduced effort steering apparatus. Gravitt inquired of Williams whether the defects should prevent him from signing, after which Williams stated that he felt the defects would be corrected and that it would be of no consequence to sign.

Although both the Department and Semco attempted to repair the defects, the van was never modified as specified in the BRS–10. Gravitt brought suit against the Department and Semco for breach of express and implied warranties contained in contract CT–00399. On a trial without a jury, the court found for the appellee, Thomas Gravitt, awarding him $14,856.00 in damages. The Department of Education and Semco bring separate appeals to this judgment. We affirm in part and reverse in part.

The Department of Education makes a number of arguments on appeal regarding both the contracts involved and the amount of damages awarded.

The Department first contends that the trial court lacked jurisdiction over the subject matter of this suit in that no contract existed that would confer jurisdiction. This premise is based upon K.R.S. 45A.245, which reads in part:

> (1) Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth ... may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both....

Thus, in order to uphold the suit by Gravitt for breach of contract, not only must there be a written contract but it must be a lawfully authorized contract.

■ The Department contends that no contract existed between itself and Gravitt. We do not agree. The document BRS–10 is clearly contractual in form and in effect, the Department promising to obtain and transfer a modified 1979 Ford Econoline van to Thomas Gravitt in exchange for Gravitt's acceptance of five conditions, some of which would transfer title to the Department should Gravitt fail to abide by their directions. We have no trouble finding ample consideration in support of this contract, and both parties have the right to enforce the contract.

■ As such, the Department argues that this contract is not one that is "lawfully authorized" under K.R.S. 45A.245. The statutes governing the Commonwealth's rehabilitation services program are found at K.R.S. 163.110 to 163.180. We find nothing within these statutes which would prohibit the Department from contracting with its clients in its attempt to provide rehabilitation services, and at the very least such authority can be implied by these statutory guidelines. The appellee Gravitt thus has a valid cause of action under K.R.S. 45A.245 concerning the BRS–10.

■ The Department next contends that its agent, Gerald Williams, had neither the authority nor the intent to enter into a contract with Gravitt. We find no merit to these arguments inasmuch as the record indicates that Williams' signature was necessary on the BRS–10 to authorize the process which would pay Semco for services rendered. We also have no doubt that Williams intended that the five conditions be enforceable by the Department against Gravitt should the need arise, therefore intending the document as a whole to be binding. The Department also alleges a waiver by Gravitt of the defects, but the record does not support the contention.

■ We note at this point that this opinion, insofar as it affirms the contractual

liability of the Department, is a narrow application to the facts before us, and does not stand for the proposition that the Department is generally a guarantor of products supplied as a rehabilitation service.

■ On a separate appeal, Semco disputes the trial court's jurisdiction over it, alleging a failure of personal service pursuant to Kentucky's long-arm statute, K.R.S. 454.210. Semco, a foreign corporation located in Philadelphia, Tennessee, received service of summons and complaint by registered letter from Kentucky's Secretary of State.

K.R.S. 454.210 states:

. . . .

(2)(a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from any person's:

1. Transacting any business in this Commonwealth.

2. Contracting to supply services or goods in this Commonwealth.

Semco clearly was subject to the lower court's jurisdiction under either subsection, due to its contract CT–00399 with the Department.

Both Semco and the Department contend the damages awarded by the court below were excessive. The trial court awarded Gravitt $10,200 "for the difference in value of the van to the plaintiff after it was modified, as compared to the value before modification." We interpret this standard as meaning the measure of damages for breach of warranty under K.R.S. 355.2–714(2):

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

This statute also allows recovery for consequential and incidental damages under K.R.S. 355.2–715.

The trial court allowed $10,200.00 in damages as the before and after value of the van; $2,556.00 for the cost of using other vehicles between the delivery date and the time the van was converted to make-shift use; $1,950.00 for costs of hired transportation help and extra personal care; $150.00 for removing modifications to permit operation of the van by others; and costs of the action.

■ The trial court found the van to have a market value of $10,200.00 before modification and no value after modification. Gravitt introduced testimony that the van had no value after modification. The appellants contend that there was no change in the van's condition after Gravitt removed some modifications. In the absence of direct testimony by the appellants as to a specific value of the van after modification, the award is supported by the evidence.

■ As for the $2,556.00 awarded for the use of other vehicles during the van's immobility, the record indicates that $650.00 was in rental of another vehicle, $606.00 was in purchase payments upon the van, and $1,300.00 was the loss in value of an El Camino truck bought by the appellee Gravitt as substitute transportation. We agree with the appellants that only the $650.00 was a proper element of recovery. The $1,300.00 reflects depreciation upon personal property owned by Gravitt, and was recognized as such by the court during trial. The van payments are unrelated to the cause before us, and also should be stricken from the award.

■ The awards of $1,950.00 for assistance in transportation and $150.00 in remodification costs are proper and supported by the evidence.

■ The Department also contends that the award of appellee's costs as against them is improper pursuant to K.R.S. 453.-010, which states that "no judgment for costs shall be rendered against the Commonwealth in any action prosecuted by or

against the Commonwealth in its own right, unless specifically provided by statute...."

The Department is correct in its contention. Further, this action is not covered under K.R.S. 453.260, which allows additional costs in certain civil actions. As appellee brings forth no statutory provision to recover costs, the judgment is reversed as to the assessment of costs upon the Department. *Department of Revenue v. D & W Auto Supply, Inc.*, Ky.App., 614 S.W.2d 542 (1981).

Accordingly, the judgment of the circuit court is affirmed as to liability and reversed as to the specific awards of damages and costs in accordance with this opinion.

All concur.