**REVENUE CABINET, Commonwealth of Kentucky; Gary Gillis, Secretary of the Revenue Cabinet; C. Emmett Calvert, Secretary of the Revenue Cabinet; Melvin D. Hicklin, Property Valuation Administrator of Hopkins County, Kentucky; Robert McClearn, Property Valuation Administrator of Muhlenberg County, Kentucky; Jerry Blanton, Property Valuation Administrator of Harlan County, Kentucky; and the Kentucky Coal Association, Inc., Appellants,**

v.

**Scott BARBOUR; William D. Yount; the Class of Persons Similarly Situated to and Represented by Scott Barbour and William D. Yount; Alison Moore; J.D. Miller; Elaine Stoltzfus; the Class of Persons Similarly Situated to and Rep-**

resented by Alison Moore, J.D. Miller and Elaine Stoltzfus; Joe F. Childers; Phillip J. Shepherd; the Law Firm of Shepherd & Childers, a Partnership; Ira A. Burnim; Morris Dees; Deborah A. Ellis; J. Richard Cohen; Elizabeth Johnson; the Southern Poverty Law Center; Joseph J. Leary and the Law Center, 101 St. Clair Street, Frankfort, Kentucky, Appellees.

Nos. 90–CA–001910–MR, 90–CA–002041–MR.

Court of Appeals of Kentucky

Jan. 17, 1992.

Rehearing Denied April 10, 1992.

Discretionary Review Denied by Supreme Court Oct. 14, 1992.

Douglas M. Dowell, Stephen G. Dickerson, Frankfort, for appellants, Revenue Cabinet, Commonwealth of Kentucky; Gary Gillis, Secretary of the Revenue Cabinet; C. Emmett Calvert, Secretary of the Revenue Cabinet; Melvin D. Hicklin, Property Valuation Administrator of Hopkins County, Kentucky; Robert McClearn, Property Valuation Administrator of Muhlenberg County, Kentucky; Jerry Blanton, Property Valuation Administrator of Harlan County, Kentucky.

James R. Cox, Louisville, William Caylor, Lexington, for appellant, The Kentucky Coal Ass'n, Inc.

Phillip J. Shepherd, Joe F. Childers, Frankfort, J. Richard Cohen, Morris Dees, Montgomery, Ala., for appellees, Alison Moore; J.D. Miller; Elaine Stoltzfus; The Class Of Persons Similarly Situated To And Represented By Alison Moore, J.D. Miller and Elaine Stoltzfus; Joe F. Childers; Phillip J. Shepherd; The Law Firm Of Shepherd & Childers, A Partnership; Ira A. Burnim; Morris Dees; Deborah A. Ellis; J. Richard Cohen; Elizabeth Johnson; and The Southern Poverty Law Center.

Joseph J. Leary, Frankfort, for appellees, Scott Barbour; William D. Yount; The Class Of Persons Similarly Situated To And Represented By Scott Barbour and William D. Yount; Joseph J. Leary and The Law Center, 101 St. Clair Street, Frankfort, Kentucky.

Before HOWERTON, SCHRODER and WILHOIT, JJ.

SCHRODER, Judge.

These are consolidated appeals from orders awarding costs and attorneys fees to appellees in their successful action challenging the constitutionality of the statute relating to tax on unmined coal.

On June 13, 1984, appellees, William Yount and Scott Barbour, et al (the "Yount plaintiffs/appellees"), brought an action in the Franklin Circuit Court against appellant, the Kentucky Revenue Cabinet (the "Cabinet"), challenging the constitutionality of KRS 132.020(5). Said statute classified unmined coal separately from other real property and then taxed it at the rate of one-tenth of one cent ($.001) per one hundred dollars ($100) of assessed value. The Yount plaintiffs contended that the statute was unconstitutional because it classified unmined coal separately from other real estate, violating § 171 of the Kentucky Constitution and § 4 of the Bill of Rights. On June 25, 1984, appellees, Alison Moore, et al (the "Moore plaintiffs/appellees"), brought an action in the Franklin Circuit Court challenging the constitutionality of the same statute on different grounds. The Moore plaintiffs claimed the statute operated to effectively exempt unmined coal from tax in violation of § 170 and § 3 of the Kentucky Constitution.

On July 12, 1984, the Yount plaintiffs moved for summary judgment. On August 10, 1984, the Moore plaintiffs moved, over the Yount plaintiffs' objection, to consolidate the two actions. The circuit court granted the motion to consolidate. On January 4, 1985, the court denied the Yount

plaintiffs' motion for summary judgment, finding that the separate classification of unmined coal in KRS 132.020(5) did not violate § 171 of the Kentucky Constitution. However, the court expressly stated that it was not ruling on the Moore plaintiffs' claims.

On February 25, 1985, the court entered an order certifying the action as a class action. On July 10, 1985, the court entered its findings of fact, conclusions of law, and judgment granting the Moore plaintiffs' motion for summary judgment. In said judgment, the court ruled KRS 132.020(5) unconstitutional because it, in effect, exempted unmined coal from tax due its low rate in violation of § 3 and § 174 of the Kentucky Constitution. Subsequently, the Moore plaintiffs moved for attorneys fees and costs. On August 30, 1985, the court entered an order granting attorneys fees and costs in an amount to be determined at a later date. On October 2, 1985, the court entered its final order which incorporated by reference its January 4, 1985, July 10, 1985 and August 30, 1985 orders with certain corrections. The Yount plaintiffs and the Revenue Cabinet thereafter appealed.

The Court of Appeals affirmed the circuit court's decision as to the Moore plaintiffs' claims, but reversed as to the Yount plaintiffs' claims. The Court ruled the statute violated § 171 of the Kentucky Constitution because of its separate classification for unmined coal. As to the Revenue Cabinet's appeal of the award of attorneys fees and costs, the Court of Appeals ruled that the issue had not been properly preserved for review because the Moore plaintiffs' attorneys had not been made a party to the appeal.

On discretionary review by the Kentucky Supreme Court, the Court ruled KRS 132.-020(5) unconstitutional, but not for the reasons asserted by the Moore plaintiffs. In a lengthy opinion authored by Justice Liebson, a majority of the Court determined that under § 171 of the Kentucky Constitution, the statute was an impermissible classification, as the Yount plaintiffs argued. *Gillis v. Yount*, Ky., 748 S.W.2d 357 (1988). As to the attorneys fees issue, the Court

acknowledged the Court of Appeals ruling on the issue in a footnote, but expressly stated they were not considering the issue on discretionary review.

On June 8, 1988, the Yount plaintiffs moved the circuit court for attorneys fees and costs. On June 24, 1988, the court entered an order granting the motion and directed the attorneys for the Moore plaintiffs and the Yount plaintiffs to submit affidavits and information pertinent to consideration of an appropriate fee and set a date for a hearing on the matter. Following this order, further proceedings were held on the question of the retroactivity of the Supreme Court's decision, ultimately resulting in an opinion from the Court of Appeals on August 11, 1989.

On August 6, 1990, the circuit court entered an order awarding attorneys fees and costs to both sets of plaintiffs in the amount of $787,963.34. The court calculated the award by multiplying the number of hours worked by the hourly rate. The court further enhanced this amount multiplying by three for the Yount plaintiffs and by 2.5 for the Moore plaintiffs. The court further directed that this award be paid by the Revenue Cabinet from the pool of funds collected by the Cabinet as property tax on unmined coal in the Commonwealth. On September 13, 1990, the court entered an order correcting the August 6, 1990 order and amending it to direct that the fees and costs be paid from the general fund of the Commonwealth. The Revenue Cabinet now appeals from both orders.

■ Before we address the merits of the Cabinet's appeal, we shall address the Moore appellees' claim that the law of the case rule precludes us from reviewing the issue of attorneys fees in this case. The Moore appellees maintain that, since this Court in the previous appeal found that the attorneys fees issue was not preserved due to the Cabinet's failure to name the attorneys as parties to the appeal, we are now precluded from reviewing the issue.

As stated above, when the trial court entered its initial order awarding attorneys fees, it reserved the determination of the actual amount until a later date, which was

ultimately after the Supreme Court's decision. It has been held that an order allowing an attorneys fee, but not providing for a distribution of funds to the attorney is not a "final order" from which an appeal will lie. *Smith v. Ferguson*, Ky., 295 S.W.2d 792 (1956). Even though the initial order in the case at hand contained CR 54.02 finality language, we believe the attorneys fees issue was nevertheless interlocutory. Where an order is by its very nature interlocutory, even the inclusion of the recitals provided for in CR 54.02 will not make it appealable. *Hook v. Hook*, Ky., 563 S.W.2d 716 (1978). Such a ruling is further necessitated by our interest in judicial economy in those cases where, as here, the amount of the award as well as the award itself are in dispute. Accordingly, the issue of attorneys fees and costs is properly before us on this appeal.

■ The next argument to which we will direct our attention is the Yount appellees' contention that this Court does not have jurisdiction over an appeal of an award of attorneys fees rendered against the Commonwealth under KRS 44.020. KRS 44.-020(2) as amended in 1990[1] provides the following:

> (2) The order of any court authorized by law to approve and allow fee-bills, settlements, credits, charges, and other claims against the State Treasury shall not be treated as a judgment, or made conclusive against the state, but shall only be regarded as prima facie evidence of the correctness and legality of the fee-bill, settlement, credit, charge, or claim. The Department of Local Government, if it believes such fee-bill, settlement, credit, charge, or claim to be fraudulent, erroneous, or illegal, may, upon the advice of the Attorney General, refuse to pay and may contest the claim in the Franklin Circuit Court, which shall have exclusive jurisdiction of all actions against the Department of Local Government to compel the payment of claims against the State Treasury.

The Yount appellees maintain that under the above statute such an award against the Commonwealth can only be reviewed by the Franklin Circuit Court. However, the present case is unique in that the Franklin Circuit Court *is* the court which ordered the award of attorneys fees against the Commonwealth. Statutes must be given a practical construction, *see Hamilton v. International Union of Operating Engineers*, Ky., 262 S.W.2d 695 (1953), and will not be given strict or literal reading where this would lead to an absurd or unreasonable conclusion. *Wesley v. Board of Ed. of Nicholas County*, Ky., 403 S.W.2d 28 (1966). It would be unreasonable for the Franklin Circuit Court to review its own decision. Giving the statute a practical construction in light of the special circumstances and the fact that all parties are entitled as a matter of right to one appeal under § 115 of the Kentucky Constitution, we believe our jurisdiction over the appeal in this case is proper.

■ The first issue of the Cabinet we shall address is their claim that the Moore appellees did not prevail by a final adjudication on the merits as required by KRS 453.260(1). In essence, the Cabinet argues that, even if an award of attorneys fees was justified, the Moore appellees were not entitled to such award. We reject this argument.

This action was certified as a class action under CR 23 and, although different theories were asserted by different parties within the class, they sought the same relief—a declaration that KRS 132.020(5) was unconstitutional. *See Fitzpatrick v. Patrick*, Ky., 410 S.W.2d 143 (1966). All three Courts granted such relief. In fact, the Supreme Court and this Court expressly affirmed the trial court's judgment specifically in favor of the Moore plaintiffs. In a case involving the Beverly Hills Supper Club fire, it was held that, once the prerequisites of a class action are met and the class is certified, the claims of the representative were claims of the total class and all members of the class shared in the

---

**1.** The amended version of KRS 44.020 would apply in this case since it became effective July 13, 1990, and the final order awarding attorneys fees was entered August 6, 1990.

relief. *Coburn v. 4-R Corporation,* 77 F.R.D. 43 (E.D.Ky., 1977). Here, the Cabinet does not challenge the certification of the class on appeal. Accordingly, we hold that the judgment of the Supreme Court in this case was effectively in favor of the Moore plaintiffs as well as the Yount plaintiffs. Hence, the Moore plaintiffs did not fail to prevail by a final adjudication on the merits.

 We shall next address the Cabinet's argument that the award of attorneys fees and costs was not warranted by any statute properly applicable in this case. We agree that there must be some statutory authority for awarding attorneys fees and costs against the state. *See Department of Revenue v. D & W Auto Supply,* Ky.App., 614 S.W.2d 542 (1981), overruled on other grounds by *Commonwealth Natural Resources and Environmental Protection Cabinet v. Stearns Coal and Lumber Company,* Ky., 678 S.W.2d 378 (1984); *Commonwealth Department of Education v. Gravitt,* Ky.App., 673 S.W.2d 428 (1984). However, it is our belief that the trial court correctly relied on KRS 453.260 in justifying the award. KRS 453.260 provides in pertinent part:

> (1) In addition to any costs which are awarded as prescribed by statute, a court shall award costs to any party which prevails by a final adjudication on the merits in any of the following:
>
> . . . .
>
> (b) A civil action brought by the party against the Commonwealth to challenge the assessment or collection of taxes; and
>
> . . . .
>
> (2) The court in its discretion may deny the award provided for in this section, or may reduce the award, if it finds that:
>
> . . . .
>
> (d) The position of the Commonwealth was substantially justified or a special circumstance would make an award unjust provided, however, that the burden of proof of substantial justification or special circumstance shall rest with the Commonwealth.

> (3) A party may apply pursuant to the applicable Rules of Civil Procedure for an award of attorney fees and other expenses authorized under this section and shall include as part of the application evidence of the party's eligibility for the award and the amount sought, including an itemized and attested statement from the attorneys and experts stating the actual time expended in representing the party and the rate at which the fees were computed. The party shall also allege in such application that the Commonwealth acted without substantial justification.

From our reading of KRS 453.260(1)(b), it is clear that this statute was intended to cover the very type of action in the present case. The Cabinet does not agree, arguing that it was substantially justified in taking the position that KRS 132.020(5) was constitutional. Thus, it maintains that under KRS 453.260(2)(d) the trial court abused its discretion in ordering the award.

We would emphasize here that KRS 453.-260(2) provides that the court in its discretion *may* deny the award if it finds that the position of the Commonwealth was substantially justified. The absence of mandatory language leads us to interpret this section as conferring broad discretion on the trial court in deciding whether or not to deny the award. Thus, only a clear abuse of this discretion would warrant reversal.

We cannot deny that an agency cannot assume a statute unconstitutional and must, therefore, continue to enforce it and defend it unless a decision of a court holds otherwise. Thus, we recognize a certain injustice in penalizing the state for what its agency has a legal duty to do. Nevertheless, in our view, it would be more unjust to require a taxpayer whose position is equally justified to pay for his right to challenge a statute's constitutionality if the statute is ultimately found unconstitutional. Accordingly, we cannot say the trial court abused its discretion in awarding attorneys fees and costs to the appellees.

 The Cabinet next argues that the award of attorneys fees and costs was clearly excessive under KRS 453.260. The

section of the statute on which the Cabinet relies provides as follows:

(4) The court shall base any award of fees as provided in this section on prevailing market rates for the kind and quality of services furnished, except that:

. . . .

(c) No award shall be greater than ten thousand dollars ($10,000) to each party except that no award shall be made to any party who voluntarily intervenes in any such action.

The Cabinet contends that under the statute, the Moore plaintiffs and the Yount plaintiffs were at most entitled to $10,000 apiece. We do not agree. The statute limits the award to $10,000 to *each party.* The instant case was a class action in which the members of the class consisted of potentially every taxpayer in the state of Kentucky and each class member is considered a party. That being so, the award was well within the $10,000 per party limit.

Finally, we consider the excessiveness of the award attributable to the multiplier applied by the trial court. In reliance on an unpublished Federal District Court decision, the trial court enhanced the Moore plaintiffs' award by 2.5 times and the Yount plaintiffs' award by 3 times. We believe this to be a clear abuse of discretion as there is no authority for this type of enhancement in Kentucky. To the extent of this enhancement, we reverse and remand for a re-calculation of the award absent the multiplier.

The judgment of the Franklin Circuit Court is affirmed in part and reversed and remanded in part for proceedings consistent with this opinion.

All concur.