**Boyd GUMM, Appellant,**

v.

**Rado COMBS, Appellee.**

Court of Appeals of Kentucky.

May 24, 1957.

Duff Arnett, Hazard, Emmett Fields, Whitesburg, for appellant.

D. G. Boleyn, Hazard, Cordell Martin, Hindman, for appellee.

CAMMACK, Judge.

Early in the afternoon of December 5, 1953, Calvin Combs, a five year old boy, was playing along the edge of U. S. Highway 15 in front of a church near Breedings Creek in Knott County. He suddenly darted across the road, and was struck while crossing by a car driven by Boyd Gumm. This action was instituted by Rado Combs, father and statutory guardian of Calvin, to recover damages for the boy's injuries and suffering. Gumm pleaded in defense a general release executed by Rado Combs on January 12, 1954, and moved for a summary judgment. After considering depositions filed in support of the motion, the trial judge overruled the motion, and the case proceeded to trial. Gumm is appealing from a judgment awarding $5,000 in damages to Calvin Combs.

Reversal is sought here on the ground that the motion for summary judgment should have been sustained. An order

denying a motion for summary judgment is not *appealable*. Clay, CR 56.03, Comment 7; Moore's Federal Practice, 2nd Ed., Section 56.27. Nor is such a denial *reviewable* on an appeal from a final order or judgment where the question considered is whether or not there exists a genuine issue of a material fact. Bell v. Harmon, Ky., 284 S.W.2d 812. In that case we pointed out that on appeal we could not try the issue of doubt in the mind of the trial court as to whether or not such genuine issue existed, and it was also noted that the merits of this motion could be established in a trial of the facts. However, we stated the rule of non-reviewability in broader terms than was required by the circumstances presented in that case.

■■■ Under CR 56.03, the party moving for summary judgment must establish two things to be entitled to a favorable ruling. They are: (1) There is no genuine issue of a material fact, and (2) the movant is entitled to judgment as a matter of law. In Bell v. Harmon, just discussed, we considered only the reviewability of an adverse ruling based upon ground (1). Where the facts are not in dispute, which is the case before us, the only basis of the ruling is a matter of law under ground (2). This issue, unlike one of fact, may not be again presented or retried in the proceedings. As in the case of any other interlocutory ruling by the trial court on a question of law, an order denying summary judgment on this ground is properly reviewable on an appeal from a final judgment.

Although fraud was alleged in Combs' answer to the motion for summary judgment, no evidence was introduced in support of the allegation. It is stated in Clay, CR 56.03, Comment 4,

"* * * if uncontroverted affidavits [or depositions] which fairly disclose the facts show that a genuine issue does not exist, the opposing party should have some obligation to do something more than rely upon the allegations of his pleading. * * * the opposing party should then be required by counter-affidavit or otherwise to show that evidence is available justifying a trial of the issue involved."

In depositions taken by Gumm in support of his motion, Rado Combs' testimony shows plainly that he was not misled either by Gumm or by his attorney. Neither told Combs that he had no claim for more than doctor's fees and hospital bills. Combs said that he simply didn't know that he was entitled to any more, until a relative informed him eleven months after the accident that he should try to obtain damages for his boy's injury.

■■ Written agreements of settlement and release, formally entered into, will not be rescinded for fraud unless the evidence showing fraud is clear, unequivocal and convincing. Drane v. Louisville Ry. Co., 279 Ky. 490, 131 S.W.2d 439; McGregor v. Mills, Ky., 280 S.W.2d 161. There was no evidence here of any fraud whatsoever. Gumm was relieved of liability by the release as a matter of law, and his motion for summary judgment was improperly denied.

Judgment reversed, with directions to enter a judgment in accordance with this opinion.