George LOY, Appellant,

v.

W. G. WHITNEY et al., Partners, d/b/a Whitney & Whitney, Appellees.

Court of Appeals of Kentucky.

Oct. 7, 1960.

R. B. Bertram, Monticello, George O. Bertram, Campbellsville, for appellant.

Hurt & Hutchison, Columbia, for appellee.

MOREMEN, Judge.

Appellant, George Loy, filed an action for trespass in which he sought to recover damages in the sum of $850 for timber wrongfully cut and removed from his land. Appellees, by answer and counterclaim, denied the allegations of the complaint, affirmatively pled that appellant was wrongfully claiming a portion of their land and requested that their title to it be quieted.

The lands belonging to the parties adjoin and the controversy may be solved by determining the correct location of the dividing line between the properties.

After a pre-trial conference, the court appointed Joe Leech, a regularly licensed surveyor, as special commissioner for the purpose of finding, if it was possible, the correct location of the true boundary line. To each party was reserved the right to

object to or accept the report when made. Thereafter, the special commissioner filed his report which sustained to a great extent appellees' contention that the disputed area belonged to them. Appellant thereupon filed exceptions to it. He later filed additional exceptions and a report made by Tom Gaskins, also a surveyor who had been employed by him, together with a plat of the survey which he had made. The report of the special commissioner and the plat of the survey filed by appellant's surveyor differed greatly.

Thereafter the appellees moved that the court dismiss appellant's complaint because of the lack of prosecution of the action, or confirm the commissioner's report which had been filed. The court acted upon that motion and entered an order which reads in part: "And the Court being advised and without hearing any evidence sustained the report of the commissioner, Joe Leech." The order also followed the old practice of granting an appeal to the Court of Appeals.

■ Ordinarily, an order confirming a commissioner's report is not a final appealable order or judgment, and we have grave doubts concerning this one. Nevertheless, since the dismissal of this appeal would in itself require further action in the circuit court in order to obtain final judgment, we have decided to comment on the point raised by appellant in his brief.

■ It is argued that the court's action was in effect the granting of a summary judgment where there was a genuine issue of material fact. We have held on several occasions that a party moving for a summary judgment must establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Gumm v. Combs, Ky., 302 S.W.2d 616. See also Puckett v. Elsner, Ky., 303 S.W.2d 250; Rowland v. Miller's Adm'x, Ky., 307 S.W.2d 3.

■■ We agree that under the circumstances of this case, there is a genuine issue of material fact, but we cannot agree with appellant's assumption that because there is a factual issue, he is entitled, as a matter of right, to a trial by jury. We find nothing in the record which discloses that appellant at any time after the commencement of the action or within ten days after the service of the last pleading directed to any issue triable by jury, served notice of such a demand under CR 38.02. It is provided in Rule 38.04 that the failure of a party to serve such a demand constitutes a waiver by him of trial by jury. Under the conditions presented by this record, appellant, however, was entitled to a trial before the court without a jury with opportunity to present evidence and to cross-examine witnesses.

The motion for appeal is sustained and the judgment is therefore reversed.