John DAWSON, et al., Movants,

v.

COMMONWEALTH of Kentucky, DE-
PARTMENT OF TRANSPORTATION,
BUREAU OF HIGHWAYS, Respondent.

Supreme Court of Kentucky.

March 10, 1981.

Rehearing Denied July 7, 1981.

Daniel J. Zalla, Bertelsman, Kaufman, Zalla & Seidenfaden, Newport, for movants.

Henry C. Germann, Covington, Ed W. Hancock, Dept. of Transp., Frankfort, for respondent.

OPINION OF THE COURT

The issue before the court involves the constitutionality and the interpretation of a 1978 amendment to KRS, Chapter 177, the so-called "junkyard" Act.

The trial court ruled that the provisions of KRS 177.905–177.951 (1978) applied only to those persons, firms, etc., who were actually engaged in the *business* of recycling materials. It also ruled that the Act applied only to automobile and truck recyclers because of the title of the Act. Ky. Const., Sec. 51.

The Court of Appeals reversed the trial court on both issues. We granted discretionary review.

It is clear that the 1978 Act is constitutional. *Jasper v. Commonwealth*, Ky., 375 S.W.2d 709 (1964). A reading of KRS

177.905 *et seq.*, shows that the 1978 General Assembly intended to continue the regulation of traditional "junkyards." (Now known as "material recyclers" KRS 177.-905(3)). It is also apparent that the General Assembly intended to add to its statutory regulation all those locations where five or more "junked, wrecked or nonoperative automobiles, vehicles, machines . . . were deposited, parked, placed or otherwise located., KRS 177.905(2) (1978).

■ While some of the language is, to say the least, inartfully drawn, we cannot escape the conclusion that the thrust of the 1978 amendment is to add to regulation those places where five or more junked, etc., vehicles are stored. To interpret the statute as requiring these locations to be a business simply is not logical in view of the overall purpose of the statute. The Court of Appeals so ruled and we agree.

The genesis of KRS, Chapter 177, appears in Chapter 114 of the 1978 Acts of the Kentucky General Assembly. It was known as Senate Bill 287 and is entitled "AN ACT relating to auto and truck recyclers." The Court of Appeals held that, under Ky. Const., Sec. 51 the provisions of the 1978 Act applied only to "auto and truck recyclers." It specifically excluded from the Act all *material* recyclers. We do not agree.

■ The purpose of Sec. 51 is to prevent "surreptitious" legislation. *Bowman v. Hamlett*, 159 Ky. 184, 166 S.W. 1008 (1914). All that is required of the title of an act is to give a "general idea" of the contents of the act. It need not specifically refer to every provision. *Thompson v. Commonwealth*, 159 Ky. 8, 166 S.W. 623 (1914); *Duke v. Boyd County*, 225 Ky. 112, 7 S.W.2d 839 (1928). It is clear that the title to the Act complies with these judicial standards.

The judgment of the Court of Appeals is affirmed in part and reversed in part. The case is remanded to the circuit court with directions to enter a judgment in compliance with this opinion.

PALMORE, C. J., and AKER, CLAYTON, LUKOWSKY and STEPHENS, JJ., concur.

STERNBERG, J., dissents and files a separate opinion in which STEPHENSON, J., joins.

STERNBERG, Justice, dissenting.

The issue involves the construction and constitutionality of KRS 177.910. The trial court upheld the constitutionality of the statute and its application to automobile and truck recyclers only in existence at the time of the passage of the Act, but declared that the permit and screening requirements of the Act are applicable only to persons engaged in the business of recycling automobiles and trucks. The Court of Appeals reversed the trial court insofar as the business provision did not apply to KRS 177.-905(2). It affirmed the lower court in holding that the entire Act was limited to automobile and truck recyclers by reason of the title of the Act. To hold otherwise would violate Section 51 of the Kentucky Constitution.

KRS 177.910 provides:

"Unauthorized recyclers prohibited.— No person shall operate or cause to be operated any automobile, vehicle, machinery or material recycling establishment or place of business which is situated closer than one thousand (1,000) feet from the right-of-way line of any road unless a permit for such operation shall have been obtained from the bureau. * * * "

This section was adopted at the regular 1978 session of the General Assembly, and the title of the Act is "An act relating to automobile and truck recyclers." Thus, the title reflects that the Act would apply to (a) automobile recycling, and (b) truck recycling. The prohibition contained in KRS 177.910 is directed against operating or causing to be operated (1) any automobile recycling establishment or place of business, or (2) any vehicle recycling establishment or place of business, or (3) any machinery recycling establishment or place of business, or (4) material recycling establishment or place of business, any of which would be

situated closer than 1,000 feet from the right-of-way of any road unless a permit for such operation shall have been obtained from the bureau. KRS 177.905(2) defines automobile, vehicle or machine recyclers to mean any place where five or more "junked * * * are deposited, parked, placed or otherwise located." Thus, this statute directs the prohibition against any place where five or more "junked, wrecked or nonoperative automobiles, vehicles, machines and other similar scrap or salvage materials are deposited, parked, placed or otherwise located." It does not limit the application of the Act to businesses. Its intent is to control the unsightliness of junk along our highway system in Kentucky. Although the statute does not require the action to be carried out as a part of a business, it does not exclude the action of carrying it out as a part of a business operation. Thus, KRS 177.910 is not limited to where the activities constitute a part of the operation of a business. On the other hand, the prohibition of KRS 177.910, as it applies to material recyclers, presents a different situation. The definition of material recyclers limits the application to any establishment or place of business (KRS 177.905(4)), thereby excluding its application to individuals so engaged as material recyclers.

For fear that there may be some question as to the validity and enforceability of the remaining portions of the Act after placing the ax to a portion of it, see KRS 446.090. In *Kentucky Municipal League v. Commonwealth of Kentucky, Department of Labor*, Ky., 530 S.W.2d 198 (1975), we said:

> "It is a well-established rule that portions of a statute which are constitutional may be upheld while other portions are eliminated as unconstitutional. * * *"

I would hold that the Act, (1) applies only to automobile and truck recyclers by reason of Section 51 of the Kentucky Constitution; (2) the provisions of KRS 177.910 insofar as they pertain to the operation or causing to be operated any automobile, vehicle or machinery recycling establishment or place of business apply both to individuals and businesses; and (3) so much of KRS 177.910

that provides for the operation or causing to be operated a material recycling establishment applies to businesses only.

STEPHENSON, J., joins in this dissent.