**TRANSPORTATION CABINET, BUREAU OF HIGHWAYS, COMMONWEALTH OF KENTUCKY, Appellant,**

v.

**Vance LENEAVE, Appellee.**

**No. 87–CA–150–MR.**

Court of Appeals of Kentucky.

April 22, 1988.

Motion to Republish Opinion Denied June 24, 1988.

Allen L. Condra, Transp. Cabinet, Department of Highways, Paducah, for appellant.

J. Daniel Kemp, Turner, Dixon and Kemp, Hopkinsville, for appellee.

Before HAYES, LESTER and McDONALD, JJ.

McDONALD, Judge:

On October 18, 1986, judgment was entered in favor of Vance Leneave, appellee, for the sum of $13,500. This sum represented the difference in Leneave's land immediately before and immediately after the placement of a drainage pipe under U.S. Highway 68, as found by the jury. Costs of the action were also awarded, as well as interest on the judgment at the rate of 12% per annum.

After a motion to amend was filed by the appellant, the Transportation Cabinet (the cabinet), the trial court amended its earlier order. Interest on the judgment was reduced to 6% per annum, and attorney's fees and expert witness fees were excluded from the costs awarded Leneave pursuant to *Commonwealth, Transportation Cabinet, Department of Highways v. Reeder,* Ky.App., 698 S.W.2d 320 (1985), and *Commonwealth, Department of Transportation v. Knieriem,* Ky., 707 S.W.2d 340 (1986).

The sole issue on appeal is whether the trial court erred in not granting the cabinet's motion for summary judgment. The cabinet contends that the "reasonable use" test should apply as a matter of law to this case, and that under that test it is entitled to a summary judgment. The reasonable use test balances the reasonableness of the use of the land drained against the extent of harm to the land which receives the burden of the drainage. *Klutey v. Commonwealth, Department of Highways,* Ky., 428 S.W.2d 766 (1967); *Commonwealth, Department of Highways v. S & M Land Co., Inc.,* Ky., 503 S.W.2d 495 (1972).

The cabinet's argument, as briefed, is: that it has satisfied the "reasonable use" test as enunciated in *Klutey v. Commonwealth, Department of Highways,* Ky., 428 S.W.2d 766 (1967) and its progeny. Indeed, the Appellee [Leneave] has stated:

> ... *We do not quarrel with the fact that the Commonwealth may have needed to place a pipe under the road*

> *in order to alleviate a water problem....* [Emphasis Added]

Said satisfaction by the Appellant of the "reasonable use" test warranted the entry of an order granting its motion for summary judgment since "... in cases of *extremes,* the liability or nonliability may be determined as a matter of law." *Commonwealth, Department of Highways v. Baird,* Ky., 444 S.W.2d 541, 543 (1969).

The cabinet contends that the motion for summary judgment is reviewable by this Court because there were no issues of fact, only a pure issue of law. It argues the issue was preserved because the motion was filed ten days before trial and noticed to be heard on the morning prior to trial. The cabinet's position is that the issue was preserved for review even though the record shows (1) no demand by the Cabinet that the court rule on the motion and (2) no indication that the trial court considered or ruled upon the motion. It does not appear in the record anywhere that the cabinet moved for a ruling during the trial on the same grounds that it argued in the motion for summary judgment.

The general rule under CR 56.03 is that a denial of a motion for summary judgment is, first, not appealable because of its interlocutory nature and, second, is not reviewable on appeal from a final judgment where the question is whether there exists a genuine issue of material fact. *Bell v. Harmon,* Ky., 284 S.W.2d 812 (1955).

However, there is an exception to the general rule found in *Gumm v. Combs,* Ky., 302 S.W.2d 616 (1957), and subsequently approved in *Loy v. Whitney,* Ky., 339 S.W.2d 164 (1960), and *Beatty v. Root,* Ky., 415 S.W.2d 384 (1967). The exception applies where: (1) the facts are not in dispute, (2) the only basis of the ruling is a matter of law, (3) there is a denial of the motion, and (4) there is an entry of a final judgment with an appeal therefrom. Then, and only then, is the motion for summary judgment properly reviewable on appeal, under *Gumm.*

Under the circumstances of this case, what is the rule where the motion for summary judgment is filed of record but not ruled upon? It is our opinion that once the trial-in-chief commences, an unruled-upon motion for summary judgment is rendered moot by application of waiver. By nature it is a pretrial motion. The judicial purpose of a summary judgment is to expedite disposition of civil cases and to avoid unnecessary trials. *See Continental Cas. Co. v. Belknap Hardware and Mfg. Co.,* Ky., 281 S.W.2d 914 (1955), *Preston v. Elm Hill Meats, Inc.,* Ky., 420 S.W.2d 396 (1967), and *Green v. Bourbon County Joint Planning Com'n,* Ky., 637 S.W.2d 626 (1982).

Thus, once the trial begins, the underlying purpose of the summary judgment expires and all matters of fact and law procedurally merge into the trial phase, subject to in-trial motions for directed verdict or dismissal and post-judgment motions for new trial and/or judgment notwithstanding the verdict.

Declaring an unruled-upon motion for summary judgment to be moot is more sensible than saying it is overruled by implication upon commencement of trial. An implied denial of the motion may bring about preservation of the issue on appeal under the *Gumm* rationale. That approach would be troublesome for bench and bar.

Because we consider the issue upon appeal to be moot, there is nothing to review. Therefore, the judgment is affirmed.

All concur.