**Todd A. HARRINGTON, Appellant,**

v.

**ASSET ACCEPTANCE, LLC, Appellee.**

**No. 2007–CA–002400–MR.**

Court of Appeals of Kentucky.

Oct. 10, 2008.

John K. Carter, LaGrange, KY, for Appellant.

Before MOORE and THOMPSON, Judges; HENRY,[1] Senior Judge.

## OPINION

MOORE, Judge.

Todd A. Harrington appeals the Oldham Circuit Court's order denying his motion to alter, amend, or vacate the court's prior order granting Asset Acceptance, LLC's (Asset) motion for summary judgment and denying Harrington's motion for summary judgment. After a careful review of the record, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Harrington applied for an installment loan with Fifth Third Bank (Fifth Third) and entered into a simple interest note and security agreement with Fifth Third in March 1999 for the principal amount of $20,211.59. To secure the loan, Fifth Third retained a security interest in a Chevrolet Blazer vehicle of Harrington's.

Fifth Third repossessed Harrington's Blazer because he failed to maintain vehicle liability insurance as required by the contract. The last payment Harrington made on the account was in February 2000. The Blazer was sold by Fifth Third. Subsequently, in March 2002 Fifth Third sold certain accounts to Asset, including Harrington's deficient account.

Asset then initiated the present action against Harrington to recover the deficiency balance it claimed it was owed. Asset

---

1. Senior Judge Michael Henry, sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

alleged that the deficiency balance, after the vehicle was sold, was $18,386.42, through February 4, 2006 (comprised of $12,944.63 in principal plus $5,441.79 in interest). Asset moved for summary judgment, and Harrington filed a motion for judgment on the pleadings or, in the alternative, for summary judgment. Harrington contended that Asset purchased Harrington's "account" from Fifth Third, but instruments, including promissory notes, are "specifically excluded from the definition of an 'account' under the provisions of the Kentucky Uniform Commercial Code." Thus, Harrington alleged that Asset had not asserted a cognizable claim against him.

The circuit court found that there were no genuine issues of material fact, granted Asset's motion for summary judgment, and denied Harrington's motion for summary judgment/judgment on the pleadings. Harrington subsequently moved to amend, alter, or vacate the summary judgment order, and the court denied that motion.

Harrington now appeals, contending that: (1) the circuit court erred in granting Asset's motion for summary judgment; and (2) the circuit court erred in denying his motion for judgment on the pleadings and/or for summary judgment. Asset has not filed a brief on appeal.[2]

## II. STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky.App.1996). "The record must be viewed in a light most

favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 480 (Ky.1991). "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Further, "the movant must convince the court, by the evidence of record, of the nonexistence of an issue of material fact." *Id.* at 482.

## III. ANALYSIS

### A. CLAIM CONCERNING ASSET'S MOTION FOR SUMMARY JUDGMENT

■ Harrington first alleges that the circuit court erred in granting Asset's motion for summary judgment. He contends that Asset purchased his "account" from Fifth Third, but an "account" does not include instruments, such as a promissory note. Harrington argues that Asset does not claim that "Harrington's promissory note and security agreement have been assigned or negotiated to Asset by" Fifth Third. Additionally, Harrington alleges that Fifth Third's sale of his Blazer was conducted in a commercially unreasonable manner, and if Asset cannot prove otherwise, then the deficiency is forfeited.

We first note that the simple interest note and security agreement between Fifth Third and Harrington provided that the "Note and Security Agreement will be governed by the laws of the Commonwealth of Kentucky." However, the contract between Fifth Third and Asset provided that the agreement would be "construed in accordance with the

---

**2.** Kentucky Civil Rule 76.12(8)(c) provides for penalties the Court, in its discretion, may levy against a party for failure to file a brief. *Roberts v. Bucci,* 218 S.W.3d 395, 396 (Ky. App.2007). Because the issues presented merit substantive consideration, we will not exercise any of the options available under CR 76.12(8)(c). *See id.*

laws of the State of Ohio and the obligations, rights and remedies of the parties [t]hereunder shall be determined in accordance with the laws of the State of Ohio."

Regardless, the term "account" has the same meaning under both Kentucky and Ohio's Commercial Codes; *i.e.*, an "account" is "a right to payment of a monetary obligation, whether or not earned by performance: a. For property that has been or is to be sold ...; b. For services rendered or to be rendered; ... [or] d. For a secondary obligation incurred or to be incurred...." KRS 355.9–102(1)(b)(1); *see* Ohio Rev.Code 1309.102(A)(2)(a). Both Codes specifically state that the term "account" does *not* include "[r]ights to payment evidenced by chattel paper or an instrument[.]" KRS 355.9–102(1)(b)(3)(a); *see* Ohio Rev.Code 1309.102(A)(2)(c)(i).

The Commercial Codes of both states also provide that the term " 'Instrument' means a negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation, is not itself a security agreement or lease, and is of a type that in ordinary course of business is transferred by delivery with any necessary indorsement or assignment." KRS 355.9–102(1)(au); Ohio Rev.Code 1309.102(A)(47)(a). Furthermore, both Commercial Codes provide that the term " 'Promissory note' means an instrument that evidences a promise to pay a monetary obligation, does not evidence an order to pay, and does not contain an acknowledgement by a bank that the bank has received for deposit a sum of money or funds[.]" KRS 355.9–102(1)(bm); Ohio Rev.Code 1309.102(A)(65).

Asset has not alleged nor shown that it is the assignee of Fifth Third's promissory notes or security agreements. Rather, it has only shown that it purchased, and is the assignee of, certain accounts of Fifth Third's, including Harrington's account. Pursuant to the definition of "account" under both Kentucky and Ohio's Commercial Codes, an "account" does not include rights to payment evidenced by instruments, such as promissory notes. Therefore, even if Asset purchased Harrington's account from Fifth Third, that does not necessarily include the purchase of the right to collect payment on the promissory note signed by Harrington, without evidence that Asset also purchased the promissory note. Consequently, the circuit court erred in granting Asset's motion for summary judgment because Asset failed to prove that it was entitled to collect on the debt evidenced by the note and security agreement between Harrington and Fifth Third.

■ Harrington also asserts that Fifth Third's sale of his Blazer was conducted in a commercially unreasonable manner, and if Asset cannot prove otherwise, then any deficiency to which Asset may be entitled is forfeited. Kentucky Revised Statute 355.9–627 provides the following in regard to determining whether a secured party's conduct was commercially reasonable:

(1) The fact that a greater amount could have been obtained by a collection, enforcement, disposition, or acceptance at a different time or in a different method from that selected by the secured party is not of itself sufficient to preclude the secured party from establishing that the collection, enforcement, disposition, or acceptance was made in a commercially reasonable manner.

(2) A disposition of collateral is made in a commercially reasonable manner if the disposition is made:

   (a) In the usual manner on any recognized market;

(b) At the price current in any recognized market at the time of the disposition; or

(c) Otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition.

(3) A collection, enforcement, disposition, or acceptance is commercially reasonable if it has been approved:

(a) In a judicial proceeding;

(b) By a bona fide creditors' committee;

(c) By a representative of creditors; or

(d) By an assignee for the benefit of creditors.

(4) Approval under subsection (3) of this section need not be obtained, and lack of approval does not mean that the collection, enforcement, disposition, or acceptance is not commercially reasonable.

*See also* Ohio Rev.Code 1309.627 (providing the same "test" for determining whether a secured party's conduct was commercially reasonable).

In the present case, the loan was initially for the principal amount of $20,211.59. After the Blazer was sold by Fifth Third, the resulting deficiency balance, through February 4, 2006, was purportedly $18,386.42 (comprised of $12,944.63 in principal plus $5,441.79 in interest). Fifth Third, which was the secured party at the time the vehicle was sold, was not made a party to this lawsuit, nor has there been any evidence presented to show that Fifth Third's sale of the vehicle was commercially reasonable under KRS 355.9–627. Asset cannot defeat a properly supported motion for summary judgment without presenting at least some affirmative evidence showing there is a genuine issue of material fact. *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 482 (Ky.1991). Accordingly, the circuit court improperly granted Asset's motion for summary judgment concerning Harrington's claim that Fifth Third sold the Blazer in a commercially unreasonable manner.

**B. CLAIM REGARDING HARRINGTON'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Harrington next alleges that the circuit court erred in denying his motion for judgment on the pleadings and/or for summary judgment. In his motion, Harrington contended that Asset "assert[ed] no cognizable claim against [him because] instruments (promissory notes) [are] specifically excluded from the definition of an 'account' under the provisions of the Kentucky Uniform Commercial Code." When Asset responded to Harrington's motion in the circuit court, Asset failed to address Harrington's allegation concerning the definition of "account" under Kentucky's Commercial Code. Rather, Asset's response argued that the Bill of Sale of Harrington's account from Fifth Third to Asset specifically stated that the account was sold "for valuable consideration." (emphasis removed).

Because Harrington's motion referred to the exhibits submitted by Asset, and it would be necessary to reference exhibits and other matters outside the pleadings in order to resolve Harrington's motion, "the motion must be treated as one for summary judgment." *Harrodsburg Industrial Warehousing, Inc. v. MIGS, LLC,* 182 S.W.3d 529, 533 (Ky.App. 2005). Asset only claims to have purchased Harrington's "account" from Fifth Third, which is insufficient to show that Asset has the right to collect the deficiency following the sale of the vehicle, and Asset has never alleged nor presented evidence that it purchased or was assigned the promissory note or security interest. *See*

*Scansteel,* 807 S.W.2d at 482. Therefore, because of Asset's having failed to present any evidence on this issue and because the law provides that accounts do not encompass promissory notes, the circuit court erred in denying Harrington's motion for summary judgment.[3]

## C. CONCLUSION

Accordingly, the order of the Oldham Circuit Court is reversed and remanded, with instructions to enter an order consistent with the foregoing opinion.

ALL CONCUR.

**3.** Typically, the denial of a motion for summary judgment is not reviewable on appeal. However, there are exceptions, including cases where: "(1) the facts are not in dispute, (2) the only basis of the ruling is a matter of law, (3) there is a denial of the motion, and (4) there is an entry of a final judgment with an appeal therefrom." *Transportation Cabinet, Bureau of Highways, Commonwealth of Ky. v. Leneave,* 751 S.W.2d 36, 37 (Ky.App. 1988).