Elbert Steve ILES, Appellant,

v.

COMMONWEALTH of Kentucky, Energy and Environment Cabinet, Appellee.

No. 2009–CA–000240–MR.

Court of Appeals of Kentucky.

May 14, 2010.

Case Ordered Published by Court of Appeals Aug. 13, 2010.

Elbert Steve Iles, pro se, California, KY, for appellant.

Josh W. Nacey, Office of General Counsel, Energy and Environment Cabinet, Frankfort, KY, for appellee.

Before LAMBERT and STUMBO, Judges; WHITE,[1] Senior Judge.

1. Senior Judge Edwin M. White sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

## OPINION

WHITE, Senior Judge.

Elbert Steve Iles appeals from an opinion and order of the Franklin Circuit Court which affirmed a final order of the Energy and Environment Cabinet[2] following an administrative hearing. We affirm.

The Energy and Environment Cabinet filed a petition against Iles and his wife, Jo Ann Iles, on September 4, 2007, alleging that they had violated KRS 224.40–100 and KRS 224.40–305. These statutes prohibit the disposal of waste at any site without a permit. KRS 224.40–305 provides that:

> No person shall establish, construct, operate, maintain, or permit the use of a waste site or facility without first having obtained a permit from the cabinet pursuant to this chapter and administrative regulations adopted by the cabinet.

KRS 224.40–100 provides that:

> (1) No person shall transport to or dispose of waste at any site or facility other than a site or facility for which a permit for waste disposal has been issued by the cabinet. Upon request, any transporter of waste shall receive from the cabinet a current list of permitted waste disposal sites or facilities and shall be subsequently notified of any new permits or changes in the status of permits for waste disposal sites and facilities in the Commonwealth.
>
> (2) The use of open dumps is prohibited except in the case of an open dump which is under a timetable or schedule for compliance approved by the cabinet. The cabinet may enjoin the operation of any open dump which does not have a

2. The appellee was named in the notice of appeal as the Energy and Environmental Cabinet. The proper title is the Energy and Environment Cabinet, which is what is used in this opinion.

timetable or schedule of compliance approved by the cabinet.

(3) The cabinet may require any person who violates this section or KRS 224.40–305 to take appropriate response actions to close and reclaim or upgrade open dumps to comply with applicable administrative regulations adopted by the cabinet. If a demand for response action is not implemented within a time period specified in a demand or timetable or schedule for compliance issued or approved by the cabinet, the cabinet may enjoin the operation of the open dump and restore the site.

(4) Except as provided in KRS 224.43–020, the cabinet may assess any person who violates this section by failing to take appropriate actions to close and reclaim or upgrade open dumps, damages in an amount equal to the cost of closure as estimated by the cabinet. The money collected shall be placed in the agency account established under KRS 224.40–650(4) to be used for the site closure and restoration. Any money remaining after site closure and restoration from the amount assessed shall be returned to the person against whom any assessment was made.

Ray Prather, an inspector from the Kentucky Division of Waste Management (DWM), had observed and photographed various kinds of solid waste scattered about the Ileses' property, including rimless tires, vehicle parts, discarded batteries, scrap metal, and household trash. The Cabinet petition was filed after the Ileses failed to comply with notices of violation served on them by the DWM, which directed them to remove and properly dispose of the waste.

A hearing on the Cabinet's petition was held on March 13 and May 8, 2008. The hearing officer submitted his Report and Recommended Secretary's Final Order, which was adopted and incorporated by reference in the Secretary's Final Order. The Final Order found that the Ileses had violated the cited statutes. They were ordered to pay a civil penalty, correct all violations listed in the notices within thirty days of entry of the order, properly dispose of the waste at the site, and submit receipts for the disposal to the DWM.

The Ileses filed an appeal of the Final Order in the Franklin Circuit Court. The circuit court affirmed the order, and this appeal followed.[3]

 The purpose of judicial review of an appeal from the decision of an administrative agency is to ensure that the agency did not act arbitrarily. *Baesler v. Lexington–Fayette Urban County Gov't*, 237 S.W.3d 209, 212 (Ky.App.2007). If the Court concludes that the agency applied the correct rule of law to the facts supported by substantial evidence, the final order of the agency must be affirmed. *Bowling v. Natural Res. and Envtl. Prot. Cabinet*, 891 S.W.2d 406, 410 (Ky.App. 1994).

Iles raises the following argument in this appeal: (1) the Cabinet's action against him was barred by the doctrines of res judicata and equitable estoppel; (2) the Cabinet's complaint failed to state a claim; (3) the administrative tribunal erred in not ruling on or granting his motion for summary judgment; (4) the hearing officer's determination that the Ileses had violated KRS 224.40–100 and KRS 224.40–305 was unconstitutional because it was outside the scope of authority of the agency and denied the Ileses their due process rights; (4) the pertinent statute, KRS 224.40–100, does not give the Cabinet authority over private citizens.

---

**3.** Jo Ann Iles was dismissed as a party to this appeal by an order entered June 5, 2009.

First, Iles argues that an earlier complaint filed by the Kentucky Department of Transportation (DOT) should have precluded the Cabinet from filing its complaint in this case. The DOT complaint, which was filed in the Campbell Circuit Court in 2005, alleged that the Ileses were maintaining an automobile junkyard without a permit and without proper artificial or natural screening. Iles contends that, by not joining in the DOT complaint, the Cabinet waived its right to bring an action, because the Campbell Circuit Court judgment was conclusive not only on all matters which actually were litigated, but on all matters which could have been litigated.

The rule of res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action. The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from relitigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical.

*Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464–65 (Ky.1998) (footnote and citations omitted).

Iles has not specified whether he is invoking claim preclusion, issue preclusion or both. We will address each in turn.

For claim preclusion to bar further litigation, there must be identity of the parties, identity of the causes of action, and the action must have been resolved on the merits. *Id.* at 465. In the DOT action, the action was brought by the Department of Highways division of the DOT to enforce provisions of the so-called "Junkyard Act." *See* KRS 177.905 to 177.950; *Dawson v. Commonwealth, Dept. of Transp., Bureau of Highways*, 622 S.W.2d 212, 212 (Ky.1981). Only the Department of Highways is empowered by statute to promulgate and enforce these statutes; the Cabinet could not therefore have been a party to that action. *See* KRS 177.935 (setting forth the powers of the Department to enforce KRS 177.905 to 177.950). Therefore, claim preclusion could not apply because there was no identity of parties, or causes of action, because the DOT action involved a different state agency seeking enforcement of different statutes.

For issue preclusion to operate as a bar to further litigation, the issue in the second case must be the same as the issue in the first case, and the issue must have been actually litigated and decided in the earlier action. *Yeoman*, 983 S.W.2d at 465. The DOT action alleged violations of completely different statutes than those invoked by the Cabinet. The DOT action sought to enforce KRS 177.910 and KRS 177.915, which forbid operation of a recycling establishment within one thousand feet of a right of way without proper screening. Issue preclusion did not apply in this case.

Iles also argues that the Franklin Circuit Court judge failed to apply the doctrine of equitable estoppel. Equitable estoppel cannot be invoked against a governmental entity, except in unique circumstances where the court finds exceptional and extraordinary equities involved. *Weiand v. Bd. of Trustees of Kentucky Ret. Sys.*, 25 S.W.3d 88, 91 (Ky.2000). To prevail upon a claim of equitable estoppel, the claimant must demonstrate:

(1) conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated

to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts. And, broadly speaking, as related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Elec. & Water Plant Bd. of City of Frankfort v. Suburban Acres Dev., Inc.,* 513 S.W.2d 489, 491 (Ky.1974) (citations omitted).

Iles has made no claim of any concealment or misrepresentation of material fact by the Cabinet, nor any claim that he relied on any such concealment or misrepresentation to his detriment. We can find no evidence in the record, nor has Iles brought any to our attention, which would support a finding of the elements of equitable estoppel.

█ Iles's second argument is that the court erred in failing to dismiss the Cabinet's complaint for failure to state a claim. Specifically, he argues that the Cabinet's complaint did not establish a cause of action because it failed to show that the Ileses were "in the business of transporting waste" or "in the business of establishing, constructing, operating, or maintaining a waste site or facility[,]" pursuant to KRS 224.40–100(1)(3), KRS 224.40–305, and KRS 224.40–310. Iles argues that the

statutes grant jurisdiction to the Cabinet only over persons who are "in the business" of transporting waste or operating waste facilities. But Iles also quotes directly from KRS 224.40–100(1), which states that "[n]o **person** shall transport to or dispose of waste at any site or facility other than a site or facility for which a permit for waste disposal has been issued by the cabinet." (Emphasis supplied.) In this case, the Cabinet's allegation that the Ileses were disposing of waste or maintaining an open dump on their property but had no permit to do so was well within the scope of the statutes. Indeed, using Iles's logic, any person could maintain a dump or operate a waste facility on his or her property and avoid Cabinet regulation simply by not obtaining a permit.

Iles next argues that the hearing officer erred in not ruling on their motion for summary judgment, which was based on the argument that the Cabinet had failed to provide any evidence that the Ileses were in the business of using their property as a waste site or facility. On March 5, 2008, the hearing officer issued an order in which he stated that the motion would be addressed "after the taking of proof." He explained that he was "not satisfied that the respondents had met the factual requirements for summary judgment." After the hearing, the motion was denied. The denial of a motion for summary judgment is generally not appealable. *Transp. Cabinet, Bureau of Highways, Com. of Ky. v. Leneave,* 751 S.W.2d 36, 37 (Ky.App. 1988). There is, however, an exception to this general rule which applies where: "(1) the facts are not in dispute, (2) the only basis of the ruling is a matter of law, (3) there is a denial of the motion, and (4) there is an entry of a final judgment with an appeal therefrom." *Id.* As we have already determined that the Cabinet did not err as a matter of law in ruling that

KRS 224.40–100 and KRS 224.40–305 applied to the Ileses' property, there was also no error in the denial of the summary judgment motion.

■ In a related argument, Iles contends that the hearing officer's determination that they were in the business of establishing, constructing, operating, maintaining, or permitting the use of their property as a waste site or facility was unconstitutional as being outside the scope of the agency's authority and violated their due process rights under Section 2 of the Constitution of Kentucky which states that "[a]bsolute and arbitrary power over the lives, liberty, and property of freemen exists nowhere in a republic, not even in the largest majority." He argues that the Cabinet had failed to establish that they were in the business of establishing, constructing, operating, maintaining, or permitting the use of their property as a waste site or facility. We agree with the Cabinet that the pertinent statutes do not distinguish between open dumps that are commercially owned, and operated as businesses, and those that are privately owned. We also agree with the Cabinet that the purpose of the statutes is not to regulate the "business" of waste disposal but to prevent the improper, unsafe, or environmentally harmful disposal of waste by anyone—businesses or private individuals. The Cabinet did not have to prove that the Ileses were commercially involved in waste disposal to pursue this action against them.

■ Iles next argues that KRS 224.40–100(1) does not give the Cabinet the authority to determine when property owned by a private citizen becomes "waste" that must be "disposed of." Inspector Ray Prather testified that the items he observed on the property appeared to be "disposed of" or "discarded." Iles contends that Prather had no first-hand knowledge that he (Iles) or anyone else had discarded anything on the property, nor was he able to give any legal authority to support his determination that the property was discarded. The hearing officer's determination that the items on the property were discarded is a finding of fact which is entitled to considerable deference by the reviewing court.

> On factual issues[ ], a circuit court in reviewing the agency's decision is confined to the record of proceedings held before the administrative body and is bound by the administrative decision if it is supported by substantial evidence. If there is any substantial evidence to support the action of the administrative agency, it cannot be found to be arbitrary and will be sustained. Substantial evidence has been conclusively defined by Kentucky courts as that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person.
>
> In weighing the substantiality of the evidence supporting an agency's decision, a reviewing court must hold fast to the guiding principle that the trier of facts is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses appearing before it.

*Bowling,* 891 S.W.2d at 409–10 (Ky.App. 1994) (citations and quotation marks omitted.)

Prather's testimony, based on eighteen years of employment and training as an inspector for the Cabinet, and the photographs of the property he provided, were substantial evidence supporting the Cabinet's finding that the items on the property were waste that had been "disposed of." Iles argues that the Cabinet does not have the authority to determine when one's property becomes "disposed of" or "discarded" such that it becomes waste, and

that such a determination constitutes a violation of Section 2 of the Kentucky Constitution. "In order to pass constitutional muster in this regard, a statute must be rationally related to a legitimate state objective." *Commonwealth v. Louisville Atlantis Community/Adapt, Inc.*, 971 S.W.2d 810, 816 (Ky.App.1997). The purpose of the environmental protection statutes was set forth by our legislature in KRS 224.43–010:

> (1) It is hereby declared to be the policy of this Commonwealth and the purpose of this chapter to provide for the management of solid waste, including reduction, collection, transportation, and disposal in a manner that will protect the public health and welfare, prevent the spread of disease and creation of nuisances, conserve our natural resources, and enhance the beauty and quality of our environment.

In order to fulfill this statutory directive to protect public health and preserve our environment, the Cabinet must make determinations regarding the presence of waste on private and commercial property. Indeed, citizens are empowered to report public officers and employees who fail to enforce the provisions of the statutes which regulate environmental protection. *See* KRS 224.01–050. The Cabinet's determination that the items on the Ileses' property were discarded is rationally related to the legitimate state objective of environmental protection and was not therefore an arbitrary exercise of state power.

Iles also argues that there was no specific statutory or regulatory authority to deem certain specific items on his property as "discarded." Prather testified that there were a couple of batteries and some tires out in the open which were improperly stored or needed to be discarded. Iles points to KRS 224.50–410, which regulates the disposal of lead acid batteries, and argues that Prather did not present any facts that Iles had knowingly violated that statute. As to the tires, he argues that his land is agricultural and that the waste tire program (KRS 224.50–856) does not apply to it. But the Ileses were not cited for violations of the waste tire or lead acid battery laws, only for maintaining an open dump. Batteries or tires may constitute waste under the open dump laws. There is no requirement that a property owner must also violate the lead acid battery and waste tire laws in order to be cited for maintaining an open dump if these items are present on the property.

Finally, Iles argues that if Inspector Prather had performed his due diligence, he would have discovered that when Iles decided to dispose of items, Iles would have contacted Rumpke, a waste and recycling company, to haul them away. We agree with the hearing officer that if such logic was employed, no one could ever be cited for maintaining an open dump.

We affirm the opinion and order of the Franklin Circuit Court.

ALL CONCUR.