**JOHN DEERY MOTORS, INC., Appellant,**

v.

**Russell R. STEINBRONN and Christine K. Steinbronn, Appellees.**

**No. 85–656.**

Supreme Court of Iowa.

March 19, 1986.

Craig C. Ament of Olsen, Parsons & Ament, Cedar Falls, for appellant.

J.D. Villont of Donohue Law Office, P.C., West Union, for appellees.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and WOLLE, JJ.

WOLLE, Justice.

This case presents a single question of law. Does a secured party's sale of collateral at an auction open only to automobile dealers constitute a "public" sale within the meaning of Iowa Code section 554.9504(3) (1981), part of the Iowa Commercial Code? The district court held that the secured party, plaintiff John Deery Motors (Deery), was not entitled to a deficiency judgment against its debtors, because it had given notice of a sale by private proceedings rather than notice of a public sale. We conclude that the sale was private rather than public. We therefore reverse and remand for entry of a deficiency judgment.

The pertinent facts were stipulated by the parties. On August 29, 1981, Deery entered into an installment sales contract with defendants Russell and Christine Steinbronn for the sale of a 1981 Datsun sports car. Plaintiff assigned to General Motors Acceptance Corporation (GMAC) its interest in the contract, reserving to GMAC full right of recourse against John Deery Motors in the event of a default on the contract. Defendants then defaulted by failing to pay an installment due on August 29, 1982. Defendants were given notice of their right to cure the default but again failed to pay. Defendants then voluntarily surrendered the automobile to GMAC and Deery.

On October 14, 1982, GMAC gave defendants written notice that the automobile would be sold after October 25, 1982. GMAC then exercised its recourse rights against Deery and on November 5, 1982, Deery paid to GMAC the outstanding balance owed by defendants. Deery displayed the automobile at its dealership for several months but located no buyer. Deery then delivered the automobile for sale in Minnesota at an automobile auction open only to licensed automobile dealers. The automobile went on the auction block and was purchased by a Minnesota dealer who paid $6,675.95 less than the amount owed by defendants.

Deery then commenced this action in district court seeking a deficiency judgment. Defendants argued, and the district court found, that the automobile auction constituted a "public" sale within the meaning of Iowa Code section 554.9504(3) (1981). Because defendants had been notified only that the automobile would be sold by private proceedings, not by public sale, the trial court found the section 554.9504(3) notice inadequate and dismissed Deery's action at law for a deficiency judgment. Our review is at law. Iowa R.App. 4. Deery's right to a deficiency judgment turns on whether the sale at the automobile auction was public or private within the meaning of section 554.9504(3), which provides in pertinent part:

Disposition of the collateral may be by public or private proceedings.... [R]easonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be

made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. ... The secured party may buy at any public sale....

This provision clearly provides two different forms of notice to the debtor, the form depending on whether the secured party chooses to sell the collateral at a "public" or "private" sale. Compliance with the notice requirements is a prerequisite to a deficiency judgment. *Lloyd's Plan, Inc. v. Brown*, 268 N.W.2d 192, 195 (Iowa 1978); *Herman Ford-Mercury, Inc. v. Betts*, 251 N.W.2d 492, 496 (Iowa 1977); *Federal Deposit Insurance Corp. v. Farrar*, 231 N.W.2d 602, 605 (Iowa 1975).

We do not agree with the defendants' contention that the sale was "public" within the meaning of the statute. Unless words and phrases in statutes have been defined by special statutory provision or have "acquired a peculiar and appropriate meaning in law," we give them their usual and ordinary meaning. Iowa Code § 4.1(2); *see State v. Jackson*, 305 N.W.2d 420, 422 (Iowa 1981); *State v. Hoppe*, 289 N.W.2d 613, 616 (Iowa 1980). Because the concepts of "public" sale and "private" sale are presented without explicit legislative definition, we look to the dictionary for their meaning. A public sale is one that is "accessible to or shared by all members of the community." Webster's Third New International Dictionary 1836 (1976). The ordinary meaning of the word "private", on the other hand, is something "intended for or restricted to the use of a particular person or group or class," the converse of something "freely available to the public." *Id.* at 1804. The automobile auction in the present case was not open to the general public. Attendance was restricted to automobile dealers. Sale at that auction was not public in character.

Our holding is supported by *Lloyd's Plan, Inc.*, 268 N.W.2d at 196, where we held the sale of a car private even though the car was displayed for sale in a public place. We said:

The essence of a public sale is that the public is not only invited to attend and bid but also is informed when and where the sale is to be held.

*Id.* Case authority, commentators, and the Restatement of Security also support our determination that this sale was not a public sale. *See Roanoke Industrial Loan & Thrift v. Bishop*, 482 F.2d 381, 384–85 (4th Cir.1973); 9 R. Anderson, *Uniform Commercial Code* § 9-504:32 (3d ed. 1985); 1A P. Coogan, W. Hogan, D. Vagts & J. McDonnell, *Secured Transactions under the Uniform Commercial Code* § 8.04[2][a][ii] (1985); 2 G. Gilmore, *Security Interests in Personal Property* § 44.6, at 1242 (1965); Hogan, *The Secured Party and Default Proceedings Under the UCC*, 47 Minn.L.Rev. 205, 226 (1962); Restatement of Security § 48, comment c, at 139–40 (1941).

Our decision does no violence to the purpose which the statutory notice serves. In *Herman Ford-Mercury, Inc.*, we stated:

The notice provision in Code section 554.9504(3) is obviously intended for the benefit and protection of the debtor. It affords him at least an opportunity to bid at the sale and protect himself from an inadequate sale price. A debtor unable or unwilling to exercise his section 554.-9506 redemption right may still wish to bid on the property or encourage others to do so to insure a fair sale price which would minimize or eliminate a deficiency. Even if it might be determined he could not have protected his interest the law requires he be given the opportunity.

251 N.W.2d at 495; *see Federal Deposit Insurance Corp.*, 231 N.W.2d at 605; *Beneficial Finance Co. v. Reed*, 212 N.W.2d 454, 459 (Iowa 1973); J. White & R. Summers, *Uniform Commercial Code* 1109 (2d ed. 1980) ("The notice requirement ... is inspired by the forlorn hope that the debtor if he is notified, will either acquire enough money to redeem the collateral or send his friends to bid for it."); Iowa Code Ann. § 554.9504 uniform commercial code comment (5) (West 1967). The notice of private sale in this case provided defendants an

opportunity to arrange refinancing and redeem the property during the time it was held at the Deery dealership for resale. Notice of the time and place of the next scheduled sale at the Minnesota automobile auction, which was closed to the public, would have served little purpose, because the defendants were not licensed dealers and could not have attended to bid or buy at the sale. Defendants argue that they could have had a licensed dealer attend the auction and bid on the car as their representative, but the record does not show either that some dealer would have been willing to do so or that the rules of the Minnesota automobile auction would have permitted a dealer to act as their agent at the sale.

Defendants also argue that the presence of competitive bidding at the auction gave it public-sale status. In support of their position, defendants cite two authorities which suggest that a distinguishing characteristic of a public sale is competitive bidding. *DeLay First National Bank & Trust Co. v. Jacobson Appliance Co.*, 196 Neb. 398, 413, 243 N.W.2d 745, 753 (1976) (dissenting opinion, with majority deciding notice deficient for either public or private sale); Iowa Code Ann. § 554.2706 uniform commercial code comment (4) (West 1967) (concerning seller's resale of goods wrongfully rejected by buyer; public sale is "sale by auction" whereas private sale "may be effected by solicitation and negotiation conducted either directly or through a broker"). These authorities do little more than state the obvious. Because section 554.9504(3) itself provides that "[t]he secured party may buy at any public sale," any sale deemed public does generate competitive bidding between the debtor and members of the public who attend. The purpose of competitive bidding, of course, is to drive the price up to its fair value and protect the debtor from having the collateral sold at a fraction of its real worth. 2 G. Gilmore, *supra*, § 44.6, at 1242. The presence of competitive bidding at a public sale, however, does not suggest a corollary proposition that all sales involving competitive bidding must be deemed "public" in nature. Competitive bids may be submitted and received before consummation of a privately negotiated sale, as well as during a sale which is advertised and open for public bidding.

Defendants were entitled by section 554.-9504(3) to receive reasonable notice of the time after which Deery would dispose of the automobile by private sale as a predicate to entry of a deficiency judgment. They received such a notice. They were also entitled to insist that every aspect of the sale be commercially reasonable, but they have not challenged Deery's right to a deficiency judgment on that ground.

In accordance with the facts stipulated by the parties, Deery was entitled to a deficiency judgment against defendants for $6,675.95 unless the sale of the automobile at the Minnesota auction was a public rather than a private sale within the meaning of Iowa Code section 554.9504(3). The sale was private. We reverse the judgment in favor of defendants and remand with instructions that the trial court enter judgment for the plaintiff John Deery Motors, Inc. and against defendants in the sum of $6,675.95, with interest as provided by law.

REVERSED AND REMANDED WITH INSTRUCTIONS.