**FORD MOTOR CREDIT COMPANY,**
Appellant,

v.

**Carl HALL a/k/a Carl V. Hall, Appellee.**

**No. 93–CA–000025–MR.**

Court of Appeals of Kentucky.

July 15, 1994.

Elizabeth Lee Thompson, Mapother & Mapother, Lexington, for appellant.

James S. Greene, Jr., Harlan, for appellee.

Before EMBERTON, JOHNSON and MILLER, JJ.

JOHNSON, Judge.

Ford Motor Credit Company (Ford Motor Credit) appeals from an order entered by the Harlan Circuit Court denying its motion for summary judgment and holding that Ford Motor Credit failed to give proper notice of

the date and time that appellee's repossessed car would be sold. We reverse and remand.

On June 16, 1987, Carl Hall (Hall) entered into an installment sales contract with the Harlan Motor Co., Inc. whereby he purchased a used 1987 Lincoln Towncar. Pursuant to this contract, Hall agreed to pay a three thousand dollar ($3,000.00) downpayment as well as fifty-nine (59) monthly payments in the amount of four hundred seventy-two dollars and sixty-nine cents ($472.69) per month. After making thirty-two (32) payments, Hall defaulted on the retail installment contract and voluntarily relinquished the vehicle on January 24, 1991. Upon receipt of the vehicle, Ford Motor Credit mailed to Hall, by certified mail, a notice of repossession and right to redeem. The notice indicated that Hall's vehicle had been forwarded to Greensboro Auto Auction and that it was scheduled to be "sold at a private sale at any time after 10 days from the Date of Notice shown above unless redeemed by you prior to such sale." Hall did not reply before the expiration of this period and his vehicle was resold on March 13, 1991 for $4,900.

On March 2, 1992, Ford Motor Credit filed a complaint against Hall to recover the deficiency balance on his installment contract as well as attorney's fees. Hall filed an answer denying the allegations of the complaint. On July 24, 1992, Ford Motor Credit filed a motion for summary judgment claiming that there were no genuine issues of material fact and that it was entitled to a deficiency judgment as a matter of law. In support of this motion, Ford Motor Credit submitted the affidavits of Harold McCall, its customer service supervisor for the Bristol, Tennessee branch office; and Charles Welch, its vehicle merchandising coordinator on the premises of Greensboro Auto Auction. McCall's affidavit stated that the Hall vehicle was sold on March 13, 1991, to the highest bidder, for $4,900 at a private sale; and that Hall was indebted to Ford Motor Credit for his outstanding deficiency balance in the amount of $7,539.28 plus interest at the rate of 15.71% per annum and its attorney's fees. The Welch affidavit stated:

The auction sales, including the sale at which the subject vehicle in this auction was resold, are held every Wednesday at 10:00 a.m. Sales are advertised every Thursday before the sale by auction flyers sent to approximately 1800 dealers around the area. On the Friday before the sale, an itemized list of the FMCC sales are sent to approximately 118 dealers. On each sale date there are between 80 and 100 bidders in attendance. The geographical areas from which these potential purchasers come to bid at these weekly sales include, but are not limited to, Ohio, North Carolina, South Carolina, Virginia, Tennessee, Georgia and West Virginia.

Hall argued that Ford Motor Credit was not entitled to summary judgment since the vehicle was sold at a public auction, rather than a private sale; and that Ford Motor Credit failed to provide him proper notice, "of the date, time and place of the sale, so that he could appear and protect himself from an inadequate sale price, or to permit him to bid at the sale himself," as required by Kentucky Revised Statutes (KRS) 355.9–504.

On August 13, 1992, the Harlan Circuit Court entered an order denying Ford Motor Credit's motion for summary judgment. The court found, on due process grounds, that regardless of whether a public or private sale was held, Ford Motor Credit had failed to provide Hall with sufficient notice regarding the sale of his repossessed vehicle, and Ford Motor Credit was not entitled to a deficiency judgment. Ford Motor Credit by motion requested that the court make the August 13, 1992 order a final and appealable order. Ford Motor Credit argued that the court's disposition of its motion constituted an adjudication on the merits thereby mandating the entry of a final and appealable order. On December 18, 1992, the circuit court entered an order rendering its denial of Ford Motor Credit's motion for summary judgment a final and appealable order. This appeal followed.

We begin our legal analysis with a discussion of the appropriateness of reviewing an order denying summary judgment. "[A] party moving for a summary judgment

must establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Loy v. Whitney*, Ky., 339 S.W.2d 164, 166 (1960); Kentucky Rules of Civil Procedure (CR) 56.-03. Only judgments entered pursuant to a final order may be reviewed on appeal. CR 54.01. Generally, an order overruling a motion for summary judgment is interlocutory and not appealable. *Battoe v. Beyer*, Ky., 285 S.W.2d 172 (1955). The denial of a motion for summary judgment is not reviewable when the sole question is whether a genuine issue of material fact exists. *Bell v. Harmon*, Ky., 284 S.W.2d 812 (1955). "[A]n order denying a summary judgment can in no sense prejudice the substantive rights of the party making the motion since he still has the right to establish the merits of his motion upon the trial of the cause." *Id.* at 814. However, Kentucky's highest court in *Gumm v. Combs*, Ky., 302 S.W.2d 616, 617 (1957), recognized that as an exception to the general rule an order denying a summary judgment will be reviewed on appeal when "the only basis of the ruling is a matter of law."

■ The circuit court's order denying Ford Motor Credit's motion for summary judgment constituted an adjudication on the merits. Specifically, the circuit court found as a matter of law that any legal distinction between a public sale and a private sale was illogical; and regardless of whether Ford Motor Credit held a public or private sale that it failed to give Hall reasonable notice whereby Hall was denied due process. The court premised this conclusion upon Ford Motor Credit's failure to give Hall specific notice of the time, date and place of the sale. "This issue, unlike one of fact, may not be again presented or retried in the proceedings." *Gumm, supra* at 617. Accordingly, we find the circuit court's order to be reviewable.

■ On appeal, Ford Motor Credit argues that the circuit court erred by holding that regardless of whether a public or private sale was held that Ford Motor Credit was required to provide Hall with specific notice of the date, time and location of the sale. Ford Motor Credit maintains that it conducted a private sale and that in compliance with KRS 355.9-504(3) it gave Hall proper notice indicating the date after which it intended to dispose of his vehicle.

Hall argues that Ford Motor Credit conducted a public sale and that it failed to comply with the notice requirements under KRS 355.9-504(3). Hall's argument is premised upon the amount of advertising which Ford Motor Credit conducted to promote the sale, the broad geographic area represented at the sale, and the large number of individuals who attended. Furthermore, Hall contends that Ford Motor Credit failed to indicate in its motion for summary judgment or its supporting affidavits that this sale was open exclusively to dealers and that members of the general public were precluded from attending.

KRS 355.9-504(1) provides in pertinent part as follows: "A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing." While the creditor may dispose of the collateral by a public or private sale, "every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable." KRS 355.9-504(3). In the event that the property is sold at a public sale, the statute requires that the debtor be given reasonable notice of the time and place of the public sale. KRS 355.9-504(3). If the creditor intends to conduct a private sale, the statute requires that the debtor be given reasonable notification of the time after which the creditor will dispose of the property. KRS 355.9-504(3).

The Uniform Commercial Code (UCC) fails to define the difference between a public sale and a private sale, and we are unaware of any Kentucky authority addressing this issue. In a case somewhat similar to the case at bar, the Supreme Court of Kansas in *Garden National Bank v. Cada*, 241 Kan. 494, 738 P.2d 429 (1987), held that an automobile auction open only to automobile dealers was a private sale. *Id.*, 738 P.2d at 431.

"The essence of a public sale is that the public is not only invited to attend and bid but also is informed when and where the

sale is to be held." *Lloyd's Plan, Inc. v. Brown*, 268 N.W.2d 192, 196, 24 U.C.C.Rep.Serv. (Callaghan) 1053 (Iowa 1978). This analysis follows the definition in the Restatement of Security § 48, Comment C (1941), where a public sale is defined as "one to which the public is invited by advertisement to appear and bid at an auction for the goods to be sold." Where the persons entitled to purchase at the sale are of a specific category, as opposed to the public, the sale is private.

738 P.2d at 431.

Likewise, in *John Deery Motors, Inc. v. Steinbronn*, 383 N.W.2d 553 (Iowa 1986), the Supreme Court of Iowa "held as a matter of law that a secured party's sale of collateral at an auction open only to automobile dealers constitutes a private sale within the meaning of the UCC." *Garden National, supra*, 738 P.2d at 431, *citing John Deery, supra*.

In the case at bar, the circuit court failed to determine whether Ford Motor Credit held a public or a private sale. As argued by Hall, although the record indicates that sale announcements were sent only to dealers, the record fails to indicate whether members of the general public were permitted to attend. We reverse the circuit court's ruling that regardless of whether Ford Motor Credit conducted a public or private sale that the notice given violated Hall's due process rights, and we remand this case for further proceedings to determine whether Ford Motor Credit conducted a public or private sale. It will be for the trial court to determine if there is a genuine issue of material fact as to

this question. If there is none, then whether it was a public or private sale is a question of law.

■ We further hold that the circuit court erred by holding that Ford Motor Credit was required to give Hall specific notice of the date, time and place of the sale of the automobile, even if it were a private sale. Neither the circuit court nor Hall cite any authority for the proposition that the private sale notice requirement under KRS 355.9–504 violates due process; and like the Court in *Corbin Deposit Bank v. King*, Ky., 384 S.W.2d 302, 304 (1964), we know of none. On remand, if there exists a genuine issue of material fact as to the commercial reasonableness of the notice, this will be for a jury to decide. *Bank Josephine v. Conn*, Ky. App., 599 S.W.2d 773, 774 (1980); *McCoy v. American Fidelity Bank & Trust Co.*, Ky., 715 S.W.2d 228, 230–231 (1986). The trier of fact should be instructed according to the notice requirements imposed under KRS 355.9–504(3).

This case is reversed and remanded for further proceedings consistent with this Opinion.

All concur.