**MEDCOM CONTRACTING SERVICES, INC.,**
Appellant,

v.

**SHEPHERDSVILLE CHRISTIAN CHURCH DISCIPLES OF CHRIST, INC.,** Appellee,

and

**Nolan & Nolan, P.S.C,** Appellant,

v.

**Shepherdsville Christian Church Disciples of Christ, Inc. and Medcom Contracting Services, Inc.,** Appellees.

Nos. 2006–CA–002536–MR, 2006–CA–002540–MR.

Court of Appeals of Kentucky.

June 26, 2009.

Angela D. Lucchese (argued), Louisville, KY, for Appellant, Medcom Contracting Services, Inc.

Kenneth A. Bohnert (argued), Jennifer Fust–Rutherford (argued), Louisville, KY, for Appellant, Nolan & Nolan, P.S.C.

David W. Carby (argued), Shepherdsville, KY, for Appellee, Shepherdsville Christian Church Disciples Of Christ, Inc.

Before CAPERTON,[1] NICKELL, and TAYLOR, Judges.

## OPINION

TAYLOR, Judge.

Medcom Contracting Services, Inc. (Medcom) and Nolan & Nolan, P.S.C. (Nolan) bring these appeals from a November 29, 2006, Order of the Bullitt Circuit Court which denied their motions for summary judgment against Shepherdsville Christian Church Disciples of Christ, Inc. (SCC) and dismissed their counterclaims against SCC, seeking the confirmation of an arbitration award. For the reasons hereinafter stated, we affirm.

The factual background of this case is not in dispute. SCC entered into contracts with Nolan, an architect, and Medcom, a general contractor, to build an addition to its church building. The contracts, dated February 22, 1999, and May 1, 2000, respectively, specified that any disputes arising out of the contracts would be subject to resolution by arbitration.

SCC contends that Medcom and Nolan failed to perform their services adequately under the contracts, resulting in an addition that is defective in design and construction. Pursuant to arbitration clauses in their contracts, on October 10, 2003, and November 21, 2003, SCC filed demands for arbitration against Nolan and Medcom,[2]

---

1. This case was originally assigned to Judge James I. Howard as presiding judge. Judge Howard's term of office ended in December 2007, and the case was reassigned to Judge Taylor as presiding judge. Judge Michael O. Caperton was then substituted for Judge Howard on the panel.

2. Shepherdsville Christian Church Disciples of Christ, Inc.'s (SCC) demand for arbitration

respectively, with the American Arbitration Association (AAA). SCC's claims included "misaligned trusses, insufficient structural support, and cracked structures, among other defects."

Approximately two years later, in a letter dated November 16, 2005, the arbitrator informed the parties and the AAA that he was canceling the arbitration "with prejudice" due to nonpayment of fees. Two days later, in a letter dated November 18, 2005, the AAA informed the parties that it was terminating administration of the matter and closing its file. On December 1, 2005, SCC filed a document with the AAA styled "Motion to Set Aside Arbitrator's Letter." The AAA did not respond.[3] Then, on May 25, 2006, approximately six months after being notified that the arbitration had been canceled and that the AAA had closed its file, SCC filed an action against Nolan and Medcom in Bullitt Circuit Court. The complaint stated that "[p]laintiff has been denied an opportunity to be heard before the AAA and resorts to the jurisdiction of the Bullitt Circuit Court on equitable grounds to pursue its claim before an [sic] judicial impartial body." The complaint alleged defects in the church addition, defective design and construction, breach of contract, and negligence and/or malpractice.

Nolan and Medcom filed answers and counterclaims which denied all liability and raised identical defenses: that the claims alleged in the complaint were barred by the prior arbitration decision and by the doctrine of *res judicata*.[4] In their counterclaims, appellants sought confirmation of the arbitration award.

Medcom and Nolan thereafter filed motions for summary judgment against SCC, to which SCC responded. The record indicates that the circuit court heard arguments on the motions on October 16, 2006, but there is no transcript or videotape of the proceedings in the record. The circuit court denied the motions for summary judgment, without explanation, by order entered October 20, 2006. On November 29, 2006, the court then entered a subsequent order granting Medcom and Nolan's motions to amend the judgment to make it final and appealable, pursuant to Kentucky Rules of Civil Procedure (CR) 54.02. In that order, the court further ordered, again without explanation, that the defendants' counterclaims be dismissed although SCC had filed no motion for summary judgment or dismissal of the counterclaims.[5] Nolan and Medcom both appealed. The appeals were consolidated by an order entered by this Court on February 23, 2007, and given that the issues raised

---

against Medcom Contracting Services, Inc. (Medcom) was initially made against Tim Meehan, who had signed the contract on behalf of Medcom. The arbitrator dismissed Meehan as a party on July 26, 2004, and substituted Medcom as a party.

3. American Arbitration Association (AAA) rules apparently do not recognize this type of motion.

4. Nolan & Nolan, P.S.C. (Nolan) also asserted that the claims against it were barred by the one-year statute of limitations applicable to architects. Medcom asserted that the claims were barred by the "applicable" statute of limitations.

5. It appears that the dismissal of the counterclaims may have been in response to the appellants' own arguments. For instance, Medcom, in its motion to alter or amend, stated "[i]t is therefore Medcom's position that this Court's denial of its and [Nolan's] Motions for Summary Judgment constituted a final adjudication on the merits of their Counterclaims." This was a necessary concession to make the judgment final and appealable to this Court upon the denial of appellants' respective motions for summary judgment on their counterclaims.

are identical in both appeals, this opinion will apply to both.

When we review a grant of summary judgment, our inquiry focuses upon whether the trial court correctly found that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. CR 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991).

■ In the case before us, we are asked to review an order denying a motion for summary judgment. Generally, such an order is interlocutory and may not be reviewed on appeal. *Ford Motor Credit Co. v. Hall*, 879 S.W.2d 487 (Ky.App.1994). Even the inclusion by the trial court of the "magic language" of CR 54.02 will not make such an order final, if it does not fully adjudicate a claim. In *Revenue Cabinet v. Barbour*, 836 S.W.2d 418, 422 (Ky. App.1992), the Court stated: "[w]here an order is by its very nature interlocutory, even the inclusion of the recitals provided for in CR 54.02 will not make it appealable."

The rationale for this rule is that to be final and appealable, an order which does not "adjudicat[e] all the rights of all the parties in an action" under CR 54.01 must both contain the finality language of CR 54.02 and: "must be a final adjudication upon one or more of the claims in litigation. The judgment must conclusively determine the rights of the parties in regard to that particular phase of the proceeding." *Hale v. Deaton*, 528 S.W.2d 719, 722 (Ky. 1975). An order denying a motion for summary judgment ordinarily does not finally adjudicate anything, as the party whose motion was denied may still prevail at trial. *Bell v. Harmon*, 284 S.W.2d 812 (Ky.1955).

■ There is an exception to this rule, however, when the order denying the motion "constituted an adjudication on the merits," or stated otherwise, when "the only basis of the ruling is a matter of law." *Ford Motor Credit Co. v. Hall*, 879 S.W.2d at 489. The underlying rationale for this exception is that a matter of law, unlike one of fact, may not be again presented or retried in the proceedings to follow. *Gumm v. Combs*, 302 S.W.2d 616 (Ky. 1957).

■ Based on the foregoing, if the trial court had simply denied the motions for summary judgment, we would be compelled to dismiss this appeal for lack of finality, even with the added finality language of CR 54.02. However, in its second order, entered November 29, 2006, the circuit court also dismissed the counterclaims filed by Medcom and Nolan. These counterclaims sought the confirmation of the arbitrator's award. We, therefore, conclude that this order did "constitute an adjudication on the merits," at least as to the counterclaims and that this matter is therefore properly reviewable on appeal to the extent of the summary judgment on the counterclaims.

■ Turning then to the merits of the case, Medcom and Nolan argue, as set forth in their respective counterclaims, that SCC's circuit court action is barred because SCC failed to avail itself in a timely manner of the mandatory and exclusive means for challenging an arbitration award as provided in the Kentucky Uniform Arbitration Act (hereinafter "KUAA"), Kentucky Revised Statutes (KRS) Chapter 417. We disagree.

Both Medcom and Nolan assert that the arbitrator made an "award" in their favor under KRS 417.120 upon termination of

the arbitration proceeding. Medcom and Nolan assert that SCC failed to timely challenge this award under KRS 417.160. The flaw in this argument is the conclusion by Medcom and Nolan that the letter issued by the arbitrator on November 16, 2005, that terminated the arbitration proceedings due to the nonpayment of fees, constituted an award under KRS 417.120. KRS 417.120 requires that an award must be in writing. The letter issued by the arbitrator made no award to either party on the merits of the case. The letter was nothing more than a notification to the parties that the arbitrator was unilaterally terminating the arbitration because at least one of the parties had failed to pay the required arbitration fees. We simply do not believe that the termination of arbitration proceedings in this manner constitutes an award sufficient to trigger the provisions of KRS Chapter 417.120. Effectively, Medcom and Nolan would have this Court recognize a "default award," which to date has not been permitted by any Kentucky court and which we decline to do so in this case, especially given the factual circumstances surrounding the termination by the arbitrator.

■ Kentucky law favors the enforcement of arbitration agreements. *Kodak Mining Co. v. Carrs Fork Corp.,* 669 S.W.2d 917 (Ky.1984). However, it is well settled that interpretation of a statute, including the arbitration provisions provided for in KRS 417.120 and 417.160, is a matter of law for the court to decide. *See City of Worthington Hills v. Worthington Fire Protection District,* 140 S.W.3d 584 (Ky. App.2004). In this case, SCC clearly complied with the arbitration agreement in presenting its claims and by paying approximately $5,000 in fees to AAA. The record is not clear as to which party did

not pay the required fees under the arbitration agreement. However, based on the information in the record, the actual defaulting party was either Medcom, Nolan, or both who failed to pay the required fees. Thus, it would seem hardly fair for an arbitrator to penalize a party who complied with the arbitration agreement because an opposing party failed to pay the required fees. Though not an issue in this case, we are greatly puzzled by AAA's conduct in the arbitration proceeding by unilaterally terminating the proceeding after receiving substantial fees in the case.[6]

Likewise, we do not believe that Medcom and Nolan's conduct in this case warrants an award on the merits in their favor. If we were inclined to grant a "default award" in this case, it would most certainly be in SCC's favor since it paid its arbitration fees and otherwise complied with the arbitration agreement. In this case, the merits of SCC's claims have not been addressed, notwithstanding that SCC fulfilled its obligations to obtain review of its claims by way of arbitration. If courts were to condone awards in this fashion, then parties in every case would routinely not pay fees to get arbitrators to terminate the proceedings and the defaulting party could thus claim that he had received an "award on the merits."

Both Medcom and Nolan argue that SCC could have paid the fees owed to the arbitrator (fees that apparently were not paid by Medcom or Nolan) which could then be allocated by the arbitrator in his decision. However, both Medcom and Nolan could also have paid these fees since they, too, were contractually bound to arbitrate the dispute and arguably breached the agreement by not paying their required fees. Again, since SCC paid the

---

6. SCC apparently received no refund of its fees from AAA upon the abrupt termination of the arbitration proceeding.

required fees, it would seem logical that if there were an award created by termination of the arbitration proceeding, the award would be in SCC's favor and not in Medcom or Nolan's favor. Regardless of who did or did not pay the required fees, we hold that termination of an arbitration for nonpayment of fees does not constitute an arbitration award under KRS 417.120. However, this does not mean that a recalcitrant party who has agreed to arbitrate may avoid arbitration by simply not paying fees. A party in default for nonpayment could still have an award entered against him as long as the arbitrator considers the matter on the merits.

Accordingly, since we conclude that no award was made by the arbitrator, SCC was not obligated to challenge the arbitrator's termination of the proceedings under KRS 417.160. And, since SCC did attempt to get AAA to reconsider termination of the proceedings, which AAA apparently refused to do, SCC certainly accrued no prejudice or "*res judicata* effect" legally sufficient to preclude SCC from filing this action to seek a judicial legal remedy. Thus, we conclude that the trial court did not err in dismissing Medcom and Nolan's counterclaims, and any argument that the flawed arbitration proceeding precludes SCC from filing its complaint in this action is totally without merit.

■ The remaining arguments asserted by Medcom and Nolan are that the claims set out by SCC in its complaint are barred by the applicable statute of limitations. As noted earlier in this opinion, any issues pertaining to the denial of the summary judgment on the merits of the complaint filed by SCC are interlocutory in nature, not final, and thus not subject to our review at this time. CR 54.01. We do note that both Medcom and Nolan have asserted the statute of limitations as affirmative defenses in their respective answers to the complaint, and we can only presume that

the circuit court considered the same in declining to grant summary judgment on the merits of the complaint at this time. However, we will not speculate nor address this issue as it remains within the complete discretion of the circuit court upon conducting the litigation on the merits of the complaint, and thus is not properly before the Court at this time.

For the foregoing reasons, the Order of the Bullitt Circuit Court entered on November 29, 2006, dismissing the counterclaims of Medcom and Nolan in this action is affirmed.

ALL CONCUR.