RENDERED:  APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0765-MR

CURTIS REECE                                                      APPELLANT

                        APPEAL FROM FRANKLIN CIRCUIT COURT
v.                      HONORABLE THOMAS D. WINGATE, JUDGE
                        ACTION NO. 20-CI-00718

KENTUCKY PAROLE BOARD                                              APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE:  Curtis Reece appeals from the Franklin Circuit Court's

denial of his motion for summary judgment.  We dismiss the appeal as having been

taken from a nonfinal order.

Reece pleaded guilty to incest due to having had a sexual relationship with his minor daughter.[1] Reece was sentenced to twelve-years' imprisonment, consistent with the sentence for a Class B felony. *See* KRS 532.060(2)(b). KRS 530.020(2)(b) provides that incest is a Class B felony if committed via forcible compulsion[2] or if the victim is less than eighteen years of age. Although we do not have the complete record of that criminal case before us, apparently Reece did not admit, nor did the sentencing court find, that Reece's sexual relationship with his daughter occurred due to forcible compulsion.

Under KRS 532.043, Reece was automatically also subject to five years of postincarceration supervision, during which he was required to comply with all treatment required by the Department of Corrections. The Kentucky Parole Board (the Board) retained the ultimate power to revoke Reece's postincarceration supervision and to order him to be reincarcerated for the remainder of his postincarceration supervision period for violations of the conditions of his supervision.

---

[1] It is unclear whether the victim is Reece's biological daughter or his stepdaughter. Regardless, his sexual relationship with her qualified as incest under Kentucky Revised Statute (KRS) 530.020(1).

[2] *Forcible compulsion* is statutorily defined in KRS 510.010(2) as "physical force or threat of physical force, express or implied, which places a person in fear of immediate death, physical injury to self or another person, fear of the immediate kidnap of self or another person, or fear of any offense under this chapter."

While incarcerated, Reece completed a sex offender treatment program (SOTP). It is uncontested that Reece had to admit to having committed his offense to complete that program. In 2017, after completing the SOTP, Reece was discharged from incarceration and began his postincarceration supervision. Reece signed a document agreeing to the terms of his postincarceration supervision, including a requirement to "attend, participate, and successfully complete a Sex Offender Treatment Program."

Reece was admitted to the postincarceration SOTP in January 2018. However, Reece was dismissed from that program in September 2018 because he allegedly did not sufficiently accept responsibility for his offense(s). According to Reece, he admitted having sex with his daughter was wrong but was nonetheless dismissed because he refused to admit to having used forcible compulsion.

In November 2018, the Board revoked Reece's postincarceration supervision and ordered him to be incarcerated for the remainder of his five years of postincarceration supervision. Because our Supreme Court ruled in 2019 that the Board's previous process for revoking postincarceration supervision was constitutionally inadequate, the Board again heard Reece's revocation case in 2020.[3] At the hearing, an officer whose precise job title was not mentioned, and

---

[3] The record before us contains only an audio recording of that proceeding.

who admitted that he lacked personal knowledge of Reece's case, was the only witness against Reece. That officer testified that Reece was terminated from the postincarceration SOTP because he had not sufficiently admitted his offenses. By contrast, Reece testified that his behavior with his daughter was morally and legally wrong but that it did not involve forcible compulsion. The gist of Reece's testimony was that the sexual relationship, though wrong, was based upon mutual agreement and so he was being punished for refusing to admit to an untruth.

By checking a box on a form, the Board concluded that Reece had violated the conditions of his release and that he constituted a significant risk to his victim or the community at large and could not be appropriately managed in the community. Thus, the Board ordered Reece to be reincarcerated.

In September 2020, Reece filed this declaratory judgment action against the Board in the Franklin Circuit Court. Reece raised two main claims: first, that it was improper to require him to admit to forcible conduct as such an admission could constitute a new offense and violate his right against self-incrimination and, second, that the Board had made insufficient findings. The Board did not file a timely answer.

In November 2020, Reece filed a motion for default judgment or, alternatively, summary judgment. The Board filed a two-paragraphs-long response alleging that default judgment was improper because the record of the Board

proceedings was not before the court. The Board's response did not directly address Reece's claim for summary judgment, nor did it seek affirmative relief on behalf of the Board.

In January 2021, the trial court conducted a hearing via videoconference on Reece's motion for default, or summary, judgment. At the hearing, the Board insisted that the Department of Corrections was the proper defendant. The trial court initially agreed and issued an order denying default judgment and requiring Reece to file an amended complaint naming the Department of Corrections as a defendant. But, in response to Reece's motion to alter, amend, or vacate, the court later vacated that order.

In May 2021, the trial court denied Reece's motion for summary judgment. Crucially, the order did not dismiss or otherwise finally resolve Reece's claims. Instead, the order appeared to be only a decision that summary judgment was improper because it would be possible for the Board to prevail at a trial. Thus, the order did not contain language making it final and appealable.

Reece filed a motion to alter, amend, or vacate pursuant to Kentucky Rule of Civil Procedure (CR) 59.05, in which he largely reiterated his previous arguments. In the alternative, Reece asked the trial court to make its prior decision final and appealable. The Board filed a short response, mainly restating its belief that the Department of Corrections is the proper defendant.

-5-

In June 2021, the trial court issued an opinion and order which stated in relevant part that the order denying Reece's motion for summary judgment had been based on its conclusion that "it would not be impossible for the Board to produce evidence in order to prevail at trial . . . ." Of course, that language parrots Kentucky's familiar summary judgment standard, under which summary judgment "is appropriate only when it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Jones v. Board of Educ. of Laurel County*, 295 S.W.3d 120, 121 (Ky. App. 2008) (internal quotation marks and citation omitted).

However, despite the Board's not having filed a motion to dismiss, the opening paragraph of the CR 59.05 order also states: "Upon review of the parties' briefs and papers, and after being sufficiently advised, the Court hereby **DENIES** Petitioner's *Motion to Alter, Amend, or Vacate* the Court's Order entered May 17, 2021, and **DISMISSES** this matter with prejudice." However, the conclusion of the order merely provides: "**WHEREFORE,** Petitioner's *Motion to Vacate* is hereby **DENIED**. This order is final and appealable and there is no just cause for delay." (Paragraph break omitted.) In other words, the dismissal language is found only in the order's opening paragraph. Reece then filed this appeal.[4]

---

[4] We agree with Reece that the Board's brief is deficient. First, it contains zero citations to the record, thus violating CR 76.12(4)(d)(iii)-(iv). The Board's counsel has submitted a similarly deficient brief at least once before. *See D.G. v. Commonwealth, Cabinet for Health and Family*

Except for limited circumstances not present here, an appeal "may not be taken from a non-final order" and we are "without jurisdiction to consider the merits" of an appeal taken from a decision which is not final and appealable. *Energy and Environment Cabinet v. Concerned Citizens of Estill County, Inc.*, 576 S.W.3d 173, 176 (Ky. App. 2019). Thus, even though it has not been raised by the parties, "this Court must determine on its own whether the order appealed from lacks finality." *Id.* at 175.

Generally, an order denying summary judgment is interlocutory. *Recbar, LLC v. Drake*, 579 S.W.3d 198, 199 (Ky. App. 2019). That rule makes

---

*Services*, No. 2007-CA-001808-ME, 2008 WL 4531358, at *2 (Ky. App. Oct. 10, 2008) ("First, in contravention of CR 76.12 (4)(c)(iv) and (v), Mother does not cite to us within the record the factual basis supporting any of her legal arguments. Further, she cites precious little legal authority supporting her position. Her brief is also devoid of citations to the record supporting her recitation of the factual evidence presented. Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike Mother's brief for its omissions and flagrant noncompliance. *Elwell v. Stone*, 799 S.W.2d 46 (Ky. [App.] 1990). However, due to the important nature of the matter presented herein, we have chosen to review the issues presented. We caution counsel that such latitude may not be extended in the future.").

Second, the appendix of the Board's brief contains a copy of a Department of Corrections policy governing SOTP. But, in violation of CR 76.12(4)(d)(v), the Board does not cite where that policy was presented to the trial court. Indeed, the version of the policy attached to the Board's brief could not have been presented to the trial court since that policy has an effective date of July 20, 2021 – which was almost a month after the trial court issued its order denying Reece's motion to vacate. Thus, the policy attached to the Board's brief is inapplicable here.

Given the deficiencies and the leniency we previously showed counsel, we may well have stricken the Board's brief if we were able to resolve this appeal on the merits. But, as we shall discuss, we must dismiss this appeal as being from a nonfinal order and so do not address it on the merits. So, we will not strike the Board's brief but strongly caution counsel to not submit any future deficient briefs. We encourage counsel to consult the briefing aids available on our website, such as a basic appellate practice handbook: https://kycourts.gov/Courts/Court-of-Appeals/Documents/P56BasicAppellatePracticeHandbook.pdf (last visited Mar. 28, 2022).

sense because "[a]n order denying a motion for summary judgment ordinarily does not finally adjudicate anything, as the party whose motion was denied may still prevail at trial." *Medcom Contracting Services, Inc. v. Shepherdsville Christian Church Disciples of Christ, Inc.*, 290 S.W.3d 681, 684 (Ky. App. 2009).

Since the order denying Reece's motion for summary judgment was interlocutory, we turn to determining whether the order denying Reece's CR 59.05 motion is final and appealable. CR 54.01 provides that "[a] final or appealable judgment is a final order adjudicating all the rights of all the parties in an action or proceeding, or a judgment made final under Rule 54.02." The order denying Reece's motion to vacate, at its core, merely concludes that Reece had not shown the court erred by denying his motion for summary judgment. The CR 59.05 order contains only one paragraph of analysis wholly devoted to whether Reece had satisfied the criteria governing a CR 59.05 motion. The order does not facially resolve all of Reece's claims. Accordingly, it is not inherently a final and appealable order and so it is interlocutory unless it was made final under CR 54.02.

CR 54.02(1) provides in relevant part that "the court may grant a final judgment upon one or more but less than all of the claims or parties only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final."

The order denying Reece's CR 59.05 states that it is final and appealable and there is no just cause for delay. Nonetheless, it is not. As we have explained, "[e]ven the inclusion by the trial court of the 'magic language' of CR 54.02 will not make such an [interlocutory] order final, if it does not fully adjudicate a claim." *Medcom Contracting Services, Inc.*, 290 S.W.3d at 684. Here, the terse order did not finally resolve Reece's claims.

In fact, orders denying CR 59.05 motions are ordinarily interlocutory. *See, e.g.*, *Tax Ease Lien Investments 1, LLC v. Brown*, 340 S.W.3d 99, 103 n.5 (Ky. App. 2011). Consequently, as we have explained,

> even if we did believe the trial court erred in some fashion in connection with its denial of CR 59.05 relief, we could not provide a remedy for the simple reason that we do not have jurisdiction over the trial court's denial of a CR 59.05 motion. Orders denying CR 59.05 relief are interlocutory, *i.e.*, non-final and non-appealable and cannot be made so by including the finality recitations. The Court of Appeals lacks jurisdiction to hear cases from interlocutory orders. While there are a few exceptions to that general rule, none of those exceptions address[es] orders on CR 59.05 motions.

*Ford v. Ford*, 578 S.W.3d 356, 365 (Ky. App. 2019) (internal quotation marks and citations omitted).

The case at hand is procedurally similar to *Tax Lien Investments 1, LLC*, *supra*. In that case, the trial court issued a summary judgment order which did not finally resolve any claims; a party filed a motion to vacate which asked the

court to add finality language to its previous order, just as here. And, as here, the court issued an order denying the motion to vacate but added a notation that "[t]his Order is final and appealable and there is no just reason for delay in its entry and execution." *Tax Lien Investments 1, LLC*, 340 S.W.3d at 103. Though not exactly the same, that attempted finality language in the cases is strikingly similar.

We held in *Tax Lien Investments 1, LLC* that the finality language did not make the order final and appealable. Specifically, we held that "[i]f the finality recitations do not appear in the summary judgment itself, a subsequent order revising the summary judgment must specifically incorporate finality language in the judgment." *Id.* at 104.

As in *Tax Ease Lien Investments 1, LLC*, no adequate incorporation occurred here. The order denying Reece's CR 59.05 motion only states that the court "will . . . make this Order and its May 17, 2021, Order final and appealable such that Petitioner may pursue an appeal." Record (R.) at 151. But the court did not incorporate finality language into the prior summary judgment order. Instead, the operative language in the CR 59.05 order is that "[t]his order is final and appealable and there is no just cause for delay." R. at 151. The court merely made "this order" – singular – final and appealable without specifically incorporating finality language into the extant summary judgment order. Thus, the attempt at

-10-

making the order final here fails for the same reasons as did the similar order in *Tax Ease Lien Investments 1, LLC*.

As with most rules, there is an exception to the one making orders denying summary judgment motions interlocutory. Specifically, an appellate court may review the denial of summary judgment if "(1) the facts are not in dispute; (2) the only basis of the ruling is a matter of law; (3) there is a denial of the motion; and (4) there is an entry of a final judgment with an appeal therefrom." *Recbar, LLC*, 579 S.W.3d at 201. As we have explained, there is not a final judgment conclusively resolving all Reece's claims. In addition, the order denying summary judgment, which was basically reiterated in the order denying Reece's CR 59.05 motion, denied summary judgment because "the Court cannot conclude that the Board cannot produce evidence at trial that would render a favorable judgment. Therefore, summary judgment is inappropriate . . . ." R. at 132. The gist of that language is the court's conclusion that either the Board or Reece could possibly prevail at trial. In sum, the exception is inapplicable.

Finally, our result is not changed by the trial court's *sua sponte* inclusion of dismissal language into the CR 59.05 order. Obviously, an order which dismisses a complaint and thus leaves no claims to be resolved is inherently final and appealable under CR 54.01. But that did not occur here.

First, the only reference to dismissal in the order is in the CR 59.05 order's second sentence. There is *nothing* anywhere else in the order referring to the action being dismissed. Indeed, even the parties' briefs do not refer *at all* to the court's having dismissed Reece's complaint.[5]

Second, the one-paragraph analysis section of the order only addresses the factors used to resolve CR 59.05 motions to vacate. Those factors are not the same as those used to dismiss complaints under CR 12.02. In fact, the order contains no citation to CR 12.02, nor does it contain any analysis of, or explanation as to why, dismissal is appropriate.

When determining whether to dismiss a complaint for failing to state a claim upon which relief may be granted (presumably the aspect of CR 12.02 upon which the dismissal would have been premised since there are no allegations of lack of jurisdiction, improper venue, or the other grounds set forth in that rule), it is imperative that a court utilize an "exacting standard of review . . . ." *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010). Under that rigorous standard, the trial court had to accept all of Reece's allegations as true and liberally construe the pleadings in the light most favorable to him. *Id.* And, viewing the evidence through that

---

[5] The only possible reference to the complaint's having been dismissed in the briefs is this awkward, confusing sentence on page five of the Board's brief: "Mr. Reece filed a motion for the Franklin Circuit Court to reconsider it's [sic] order and the Court rescinded its order requiring the joinder of the Department of Corrections in Franklin Circuit Court be dismissed."

demanding lens, the court could properly have dismissed Reece's complaint only after determining that he would not be entitled to relief even if he proved all of the facts alleged in his complaint. *Id.*

The order does not state that the court viewed the evidence in the light most favorable to Reece, nor does it state that the court had concluded that Reece could not prevail at trial even if he were able to prove every allegation in his complaint. In other words, the fundamental underpinnings of an order dismissing an action are wholly, and fatally, absent.

That conclusion is reinforced by the fact that the decision here was *sua sponte*. Kentucky "strongly discourages *sua sponte* dismissals under CR 12.02." *Doster v. Kentucky Parole Bd.*, 308 S.W.3d 231, 232 (Ky. App. 2010). Though not absolutely prohibited, before issuing such a decision a trial court should inform the parties of its intent and permit them to be heard. *Id.* at 233. Here, there is no indication that the court warned the parties beforehand of its intent to dismiss Reece's complaint. Of course, Reece had submitted a motion explaining why he believed he was entitled to summary judgment, but that is wholly different than responding to a court's stated intent to dismiss a complaint.

There is a "limited and rare" exception which permits a trial court to grant summary judgment in favor of a party who has not requested it. *Smith v.*

*Norton Hosps., Inc.*, 488 S.W.3d 23, 35 (Ky. App. 2016). Specifically, such a

decision is permissible

> where a motion for summary judgment has been made by
> some party to the action, the court has all of the pertinent
> issues before it at the time the case is submitted, and
> where overruling the movant's motion for summary
> judgment necessarily would require a determination that
> the nonmoving party was entitled to the relief asked. The
> rationale for not requiring a formal motion for summary
> judgment under these circumstances is that there is no
> prejudice to the party against whom summary judgment
> is granted.

*Id.*

Here, it is plain that the first two factors have been satisfied since

Reece sought summary judgment and there is no indication that the pertinent issues

were not before the court. But the final factor is not satisfied because it is not plain

that denying Reece's motion for summary judgment inherently and inevitably

meant that the Board was entitled to a judgment in its favor. In fact, the trial court

itself only found in its initial summary judgment order (which it did not

meaningfully amend in the order denying Reece's CR 59.05 motion) that it would

not be impossible for the Board to prevail at trial. In other words, the court did not

find that it would be impossible for Reece to prevail at trial, as would be necessary

to dismiss his complaint. Under such circumstances, the exception does not apply.

In conclusion, the original order denying Reece's motion for summary

judgment was interlocutory. The order denying Reece's CR 59.05 motion to

vacate was also interlocutory to the extent it merely reiterated the previous order's conclusions. And the order denying Reece's CR 59.05 motion was improper to the extent it attempted to dismiss Reece's complaint *sua sponte*. Therefore, we must dismiss this appeal as having been taken from a nonfinal order.[6]

For the foregoing reasons, this appeal is dismissed and the case is remanded to the Franklin Circuit Court for further proceedings consistent with this Opinion.

THOMPSON, K., JUDGE, CONCURS.

COMBS, JUDGE, CONCURS IN RESULT ONLY.

ENTERED: April 29, 2022_____     _/s/ James H. Lambert_____
                                    JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Timothy G. Arnold              Edward A. Baylous II
Frankfort, Kentucky            Frankfort, Kentucky

---

[6] We express no opinion on the merits of Reece's claims.