RENDERED: JANUARY 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1017-MR

UMAR GABRIEL GARCI YAH A/K/A
OSCAR UMAR GONZALZ                                          APPELLANT

APPEAL FROM DAVIESS CIRCUIT COURT
v.            HONORABLE LISA P. JONES, JUDGE
ACTION NO. 21-CI-00169

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, JONES, AND McNEILL, JUDGES.

CETRULO, JUDGE: Umar Gabriel Garci Yah ("Garci Yah"),[1] *pro se*, appeals an

order of the Daviess Circuit Court dismissing his claim. Upon review, we affirm.

---

[1] In his *pro se* appellate brief, the appellant refers to himself as Umar Gabri 'El Garci 'Yah; the Commonwealth refers to him as Umar Gabriel Garriyah; he has also used the name Oscar Umar Gonzalez. *Gonzalez v. General Assembly*, No. 2015-CA-000202-MR, 2016 WL 5956993 (Ky. App. Oct. 14, 2016).

# I.     FACTUAL AND PROCEDURAL HISTORY

The factual and procedural history of this matter is not unfamiliar to this Court, as will become apparent.  We, like the trial court, adopt the facts as recited during Garci Yah's most recent Court of Appeals' appearance.

On January 27, 2012, [Garci Yah] was convicted after a jury trial of five counts of sexual abuse, first degree (victim under 12 years of age), seven counts of sodomy, first degree (victim under 12 years of age), and three counts of incest.  The victims were [Garci Yah's] step-daughter and two biological daughters.  The jury recommended the maximum penalty of 320 years' imprisonment.  At [Garci Yah's] final sentencing on April 11, 2012, however, the trial court reduced the sentence to the statutory [maximum] of 70 years to serve.

[Garci Yah] appealed his conviction to the Kentucky Supreme Court, which affirmed the trial court in a not-to-be-published opinion.  Appellant then filed a *pro se* Kentucky Rule of Criminal Procedure ("RCr") 11.42 motion with the trial court, which was denied on May 2, 2014.  Appellant appealed the order denying his RCr 11.42 motion, and a panel of this Court affirmed the trial court in an unpublished opinion.

Thereafter, on January 10, 2019, Appellant filed with the Daviess Circuit Clerk – among other motions – a "Petition for Leave to Enter Petition to Set-Aside Judgment and Amend Sentence Pursuant to CR[2] 60.02(d) Fraud" (the "Petition") and a "Judicial Notice" pursuant to Kentucky Rule of Evidence ("KRE") 201 (the "Judicial Notice").  In the Judicial Notice, [Garci Yah] argued that he was fraudulently "induced" to "consent" to the trial court's order appointing an attorney from the Department of Public Advocacy ("DPA") to

---

[2] Kentucky Rule of Civil Procedure.

assist Appellant in his defense. [Garci Yah] further contended that the DPA concealed that his assigned counsel was overwhelmed by an excessive caseload and in turn breached a fiduciary duty towards [Garci Yah], resulting in "constructive fraud." Further, in the Petition, [Garci Yah] provided in the Notice section that the "motion" was set to be heard at the trial court's January 21, 2019 motion hour.

The trial court treated both the Petition and the Judicial Notice as a request for relief under CR 60.02 and denied such relief in an order entered on February 19, 2019, specifically finding that the trial court could find no fraud of the type contemplated by CR 60.02(d) (the "February 19 Order").

On March 5, 2019, [Garci Yah] filed a "Motion to Strike" the February 19 Order pursuant to CR 12.06 and RCr 12.04, arguing that he had never actually filed a CR 60.02 motion, but rather that his filings with the Daviess Circuit Clerk were preliminary drafts and that [Garci Yah] had been awaiting a response as to how to proceed. The trial court denied [Garci Yah's] Motion to Strike on March 19, 2019. In its order, the trial court noted that, while [Garci Yah] may not have intended that a request for relief pursuant to CR 60.02 be filed until future instructions from [Garci Yah], the filings were nevertheless entered by the Daviess Circuit Clerk and [Garci Yah] had noticed such filings for a hearing during motion hour. Therefore, the trial court found that such filings had been adequately presented to the trial court for its review and adjudication. Moreover, the trial court noted that [Garci Yah] had claimed relief under CR 12.06, which applied to the striking of pleadings and not to court orders. Ultimately, the trial court reasoned that if [Garci Yah] disagreed with the February 19 Order, the proper course of action was to directly appeal the February 19 Order.

Thereafter, on April 3, 2019, [Garci Yah] filed both a "Motion for Enlargement of Time" pursuant to CR 6.02 requesting additional time beyond what was provided in CR 59.05 for a motion to alter, amend, or vacate and a "Motion for Reconsideration" to set aside the February 19 Order. The trial court denied both motions on April 10, 2019. [Garci Yah] filed a notice of appeal on May 1, 2019, of the April 10, 2019 order (the "First Appeal").

While the First Appeal was pending before the Court of Appeals, [Garci Yah] continued filing motions with the trial court. On June 10, 2019, [Garci Yah] filed a motion pursuant to CR 60.02(e) to set aside the February 19 Order. The trial court denied the motion on June 13, 2019, with the trial court noting that it had been divested of jurisdiction to rule on any issues while the First Appeal was pending.

Thereafter, on June 26, 2019, Appellant filed with the Court of Appeals a motion to dismiss the First Appeal. A panel of this Court ultimately granted [Garci Yah's] motion to dismiss the First Appeal on August 19, 2019, and such decision was final on October 7, 2019.

Thereafter, the trial court issued an order on November 7, 2019, detailing and denying all of [Garci Yah's] remaining motions. In its order, the trial court noted that [Garci Yah's] remaining filings continued to attack the February 19 Order, were filed with the trial court during the pendency of the First Appeal, and had "no foundation in law." Particularly, the trial court observed that [Garci Yah] had an opportunity to timely present his grievances with the February 19 Order in the First Appeal but voluntarily chose to dismiss such appeal. [Garci Yah] filed the current appeal from the trial court's November 7, 2019 order.

*Yah v. Commonwealth*, No. 2019-CA-1858-MR, 2020 WL 5742858, at \*1-2 (Ky. App. Sep. 25, 2020).

In *Yah*, this Court found that because Garci Yah moved for dismissal of his initial appeal, he could not again challenge those issues in a new CR 60.02 motion. "[Garci Yah], as the party pursuing relief under CR 60.02, could have followed the appropriate channels for a direct appeal but inexplicably moved for dismissal of the First Appeal. As a result, relief under CR 60.02 is not available." *Id.* at \*3.

However, after that ruling, Garci Yah did not relent; he filed a motion for summary judgment and a "Demand for Judgment" (which the trial court treated as a motion for default judgment) in Daviess Circuit Court. The Commonwealth then filed a motion to dismiss. The trial court's subsequent order ("July 2021 Order") denied Garci Yah's motion for summary judgment, denied his motion for default judgment, and granted the Commonwealth's motion to dismiss. Garci Yah appealed.

## II.     ANALYSIS

Just as in 2020, the "Commonwealth argues that [Garci Yah's] appellate brief deviates significantly from the format mandated by CR 76.12 and should therefore be stricken and the appeal dismissed." *Yah*, 2020 WL 5742858 at \*2. Then, as now, we are giving great latitude to Garci Yah as a *pro se* litigant

-5-

in order to give **finality to these issues**.  As such, we have attempted to make sense of a rambling argument and will address each motion in the July 2021 Order.

## A. Denial of Garci Yah's Motion for Summary Judgment

"Generally, an order overruling a motion for summary judgment is interlocutory and not appealable."  *Ford Motor Credit Co. v. Hall*, 879 S.W.2d 487, 489 (Ky. App. 1994) (citing *Battoe v. Beyer*, 285 S.W.2d 172, 173 (Ky. 1955)).  However, as an exception, "an order denying a summary judgment will be reviewed on appeal when the only basis of the ruling is a matter of law."  *Id.* (internal quotation marks and citation omitted).  Here, the trial court denied the motion on procedural grounds and is therefore reviewable.  As only matters of law are in question, we review *de novo*.  *Sneed v. Univ. of Louisville Hosp.*, 600 S.W.3d 221, 225 (Ky. 2020) (citation omitted).

On appeal, Garci Yah argues that his motion for summary judgment should have been granted because "it would be impossible for the [Commonwealth] to establish that it's [sic] constructive fraud was reasonable, fair, or performed with subjective good-faith, because the [Commonwealth] was unable to produce any evidence, if we went to trial, warranting judgment in it's [sic] favor."  However, as the July 2021 Order states:

> [S]ummary judgment is inappropriate when a party has
> not had ample time to complete discovery. . . .  In this
> case, not only had there been no opportunity yet for
> discovery, [Garci Yah's] Summary Judgment Motion

> was filed prior to the expiration of the Commonwealth's
> period to answer the complaint. Therefore, the Summary
> Judgment motion must be overruled.

We agree. *See Suter v. Mazyck*, 226 S.W.3d 837, 842 (Ky. App. 2007). Garci Yah's motion for summary judgment was precipitously filed and denial thereof was proper.

### B. Grant of Commonwealth's Motion to Dismiss

Here, Garci Yah filed a civil complaint in circuit court attacking his criminal conviction. Garci Yah alleges that fraud affected the original criminal proceedings because the trial court appointed a public defender without his consent. Effectively, the trial court's grant of the Commonwealth's motion to dismiss acted as a denial of relief under CR 60.02(d), (e), and CR 60.03.

First, we review the denial of CR 60.02 motions for abuse of discretion. *Young v. Richardson*, 267 S.W.3d 690, 697 (Ky. App. 2008). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

CR 60.02 motions are not appropriate avenues for re-litigation. "Our case law has long held that we will not consider successive motions to vacate a conviction when those motions recite grounds for relief that have been or should have been raised earlier." *Cardwell v. Commonwealth*, 354 S.W.3d 582, 585 (Ky.

App. 2011) (citing *Butler v. Commonwealth*, 473 S.W.2d 108, 109 (Ky. 1971)).

Additionally, "CR 60.02 is not intended merely as an additional opportunity to

relitigate the same issues which could reasonably have been presented by direct

appeal or an RCr 11.42 proceeding." *Foley v. Commonwealth*, 425 S.W.3d 880,

884 (Ky. 2014). Here, Garci Yah is attempting to challenge his criminal trial DPA

representation, in a separate, successive civil action. Specifically, Garci Yah is

arguing that his DPA attorney was "overworked" and therefore incapable of

adequately representing him. However, this is the same argument he raised in his

RCr 11.42 appeal (*Gonzalez v. Commonwealth*, No. 2014-CA-000845-MR, 2015

WL 8527998 (Ky. App. Dec. 11, 2015)) and an additional appeal (*Gonzalez v.

General Assembly*, No. 2015-CA-000202-MR, 2016 WL 5956993 (Ky. App. Oct.

14, 2016)). So, we must say again, "relief under CR 60.02 is not available." *Yah*,

2020 WL 5742858, at \*3. *See also Gonzalez*, 2016 WL 5956993, at \*5. The trial

court did not abuse its discretion in denying the CR 60.02 motion.

Garci Yah is also seeking relief under CR 60.03. Again, we review

for an abuse of discretion. *Jackson v. Commonwealth*, 640 S.W.3d 99, 101 (Ky.

App. 2022) (citation omitted). Again, we find no such abuse. CR 60.03 provides:

> Rule 60.02 shall not limit the power of any court to
> entertain an independent action to relieve a person from a
> judgment, order or proceeding on appropriate equitable
> grounds. Relief shall not be granted in an independent
> action if the ground of relief sought has been denied in a
> proceeding by motion under Rule 60.02, or would be

barred because not brought in time under the provisions of that rule.

As discussed previously, Garci Yah is not entitled to relief under CR 60.02. Following logic and precedent of our Kentucky Supreme Court, in such a case as this, "the relief sought in [the Appellant's] CR 60.03 action has been denied in a proceeding by motion under Rule 60.02. It follows that Appellant is not entitled to relief under CR 60.03." *Foley*, 425 S.W.3d at 888 (internal quotation marks and brackets omitted).

### C. Denial of Garci Yah's Motion for Default Judgment

Default judgments are not favored. *PNC Bank, N.A. v. Citizens Bank of Northern Ky., Inc.*, 139 S.W.3d 527, 530 (Ky. App. 2003). Whether or not to grant "a default judgment is in most cases discretionary with the trial court." *Harris v. Commonwealth*, 688 S.W.2d 338, 341 (Ky. App. 1984). The trial court's ruling on a default judgment will not be disturbed unless the court abused its discretion. *S.R. Blanton Dev., Inc. v. Invs. Realty & Mgmt. Co., Inc.*, 819 S.W.2d 727, 730 (Ky. App. 1991).

Additionally, CR 55.04 directs, "No judgment by default shall be entered against the Commonwealth . . . unless the claimant establishes his claim or right to relief by evidence satisfactory to the Court." Therefore, Garci Yah could have only succeeded on default judgment if he established a claim. As we have discussed, he failed to do so; he has only repeated arguments previously

adjudicated and cited to irrelevant law (for instance, the Law of Admiralty).  Garci Yah argues that the default judgment should have been granted because the response was untimely, but a late response does not negate Garci Yah's failure to establish a claim.  Therefore, the trial court did not abuse its discretion when it denied the motion for default judgment.

## III.    CONCLUSION

Finding no error, we AFFIRM the order of the Daviess Circuit Court.


McNEILL, JUDGE, CONCURS.

JONES, JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

Umar Gabriel Garci Yah, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Bryan D. Morrow
Assistant Attorney General
Frankfort, Kentucky